A. W. SCRIPTURE V. ESAU KENT.

(No. 1572, Op. Book No. 2, p. 294.)

APPEAL from Dallas County.  Opinion by WALKER,
R. S., P. J.

§ 1056. *Jurisdiction of county court; suits for trial of
title to land, etc.; construction of the constitution in rela-
tion to.*  Section 16, article V, of the constitution of this
state expressly denies to the county court jurisdiction "of
suits for the recovery of land," and section 8 of the same
article specifically confers upon the district court jurisdic-
tion "of all suits for the trial of title to land and the
enforcement of liens thereon."  Preceding constitutions
of this state have contained no specific *inhibition in terms*
against the exercise of such jurisdiction as is provided
against in the sixteenth section by inferior jurisdictions,
and not until the adoption of the constitution of 1866 did
the organic law, in terms, declare that "the district court

shall have original jurisdiction . . . of all suits for the trial of title to land." This language has been retained in both of the two constitutions which have subsequently been adopted by the people, and has been in both of them preserved in the same connection with reference to the subject matter as in that of the constitution of 1866. The jurisdiction thus specifically conferred was not essential to enable the legislature to give it, as in terms it always did do [Pas. Dig. 1405], but the constitutional provision in question was a limitation upon the power of the legislature to deprive the district court of jurisdiction of such suits as involved "the trial of title to land." Title to land never became, nor could have become, a practical question for decision, because the other courts, being courts of limited jurisdiction, and the legislature never having seen proper to attempt to extend to them jurisdiction over that subject matter, it remained established in but that single tribunal, the district court. But the present constitution now makes a positive and further advance against the authority of the legislature to confer this jurisdiction upon courts other than the district court, and affirmatively negatives the power to extend such a jurisdiction to the county court, in the language which has been above quoted from the sixteenth section of article V, constitution 1876; and the act of August 18, 1876, defining the jurisdiction of the county court [R. S. 1164], still further extends the jurisdictional proscription against the county courts, by adding to the words of exclusion above referred to the following: "Nor of suits for the enforcement of liens upon land," thus, by legislative terms of negation, following the spirit of previous legislation under former constitutions, and of the tendency of more recent organic provisions, to limit the determination of rights wherein title to realty is concerned exclusively to the jurisdiction of the district court. The terms last quoted from the act of 1876, it will be noticed, are in substance those which are employed in section 8 of art. V of the constitution, defining the·

jurisdiction of the district court, viz.: " of suits . . . for the enforcement of liens thereon." No significance, perhaps, ought to or can be attached to the variation in the terms " trial of title to land," as used in sec. 8, art. V, of the constitution, and " for the recovery of land," as used in sec. 16 of same article. The former words are found in a section which is, in respect to that subject matter, a literal re-enactment of the same provision in two previous constitutions; the latter is the phrase which was used in the district court act of 1846 [Pas. Dig. 1405], conferring upon district courts jurisdiction in suits of that character, and was introduced in this negating form in sec. 16, art. V, for the first time in any of our constitutions. If a difference in these phrases apparently exists, it is obvious that it resulted from the mere casualty of the employment by different legislative bodies of words and expressions concerning the same subject matter, but both being used to give effect to the same idea, and to embrace the more comprehensive form of expression, that of "suits for the trial of title to land."

The primary object of the contemplated distribution of jurisdiction evidently was to remove to that court which possessed the highest original jurisdiction the right to determine suits wherein the interests of the parties, in realty, was involved; the mere form of words whereby that intention was attempted to be expressed has far less relation to their technical signification, considered in respect to terms of pleading or forms of action, than to the vital purpose intended to be effected, viz., that rights in land or realty, as distinguished from causes of action *ex contractu* relating to land, but not involving the right or ownership thereof, or torts or contracts involving simply the right to the possession of land, without affecting the rights of the parties to the land, should be determined in the district court, and, as now expressed in the constitution, certainly not to be determined in the county court. The case of Hearst v. Kuykendall, 16 Tex. 327, is cited as authority to restrict the signification of the terms

"for the recovery of land," within a closer and narrower limit than we consider to be the proper one. In the opinion there given by Ch. J. Hemphill, he remarked: "An action for the recovery of land has a well known and definite signification, and means an action of ejectment, trespass to try title, or suit to recover the land itself." But it will be noticed that the learned chief justice was simply illustrating the proposition that a suit by a vendee to enforce a *contract* for the sale of land has not for its object the recovery of land itself, but for the specific performance of the vendor's obligation to convey the land, and to deliver a deed or title for the same. The contrast thus plainly presented does not include the inference that the difference thus shown to exist between the causes of action spoken of, that the court meant to intimate that the instances given by way of illustration of what is meant by a suit to recover land embraced conclusively those only in which the title to land might be involved in the trial. Indeed, there it was merely a question whether, the contract being a personal one, yet relating, nevertheless, to title to land, the defendant might be sued in the county of his domicile, instead of where the land was situated, as was required in suits for the recovery of land or damages thereto. The proper test to which a suit brought involving rights concerning lands must be subjected is whether the ascertainment of the rights asserted involve in the trial of the case a judicial determination of, and judgment of the court upon, the title and right to the land. Neither the form of the proceeding, nor the nature, degree or value of the estate, can affect the question.

§ **1057.** *Same; easement; right of way; division fence; suit in relation to.* An easement or servitude may be defined to be "a right which one proprietor has to some profit, benefit or lawful use, out of or over the estate of another proprietor." [Washb. on Easements, 4, citing Ritger v. Parker, 8 Cush. 145, and other authorities.] It always implies an interest in the land, in or over which it

is to be enjoyed. A license carries no such interest. The interest of an easement may be a freehold or a chattel one, according to its duration; whereas, whatever right one has in another's land by license may, as a general proposition, be said to be revocable at will by the owner of the land in which it is to be enjoyed. [Washb. on Easements, 6.] It must be an interest in or over the soil. It lies not in livery, but in grant, and a freehold interest in it cannot be created or passed otherwise than by deed. [2 Washb. Real Prop. § 8, p. 279.] The suit at bar is an injunction suit, in which appellant obtained an injunction from the county court, enjoining the appellee from acts of obstruction and interference with a right of way which appellant claimed to own over appellee's land, and also enjoining appellee from taking down a certain division fence separating the lands of appellant and appellee. The suit was also to recover damages for acts already done by appellee in obstructing said right of way, and in taking down a portion of said fence. In the county court, upon exceptions of appellee, the cause was dismissed upon the ground of a want of jurisdiction in the county court over the subject matters involved in it. *Held*, it is plain from the principles of law applicable to the rights which the plaintiff brought his suit to maintain, that it was a suit the trial of which involved the title or right claimed by him in the estate which the defendant owned in the land described as such. It is equally evident that it was a right which affected the defendant's interest and estate in the land. It was a suit brought to impose a servitude upon it, and to establish its correlative easement in favor of the owner of another estate, and was an interest of such a character in land as was susceptible of tenure and acquisition by grant. It follows from these premises that such rights cannot be asserted in the county court by suit to try and determine them in proceedings which can affect the title. In regard to the division fence, the title and possession of land were so far involved as to make the case one for the district

court, and not within the jurisdiction of the county court. [Dauenhauer v. Devine, 51 Tex. 480.]

May 14, 1881.                                          Affirmed.