Lewis Hearst's heirs vs. Robert Kuykendall's heirs.

A suit for specific performance of an executory contract for the sale of land, may be brought in the county where the defendant, or one of several defendants, resides. (This case arose under a former statute, but the Court give the same construction to the present statute.)

Error from Matagorda. Tried before the Hon. Robert J. Townes.

*Wilson & Quinan,* for plaintiffs in error.

*J. W. Harris,* for defendants in error.

Hemphill, Ch. J. This was a suit by the heirs of Lewis Hearst, against the wife of Robert Kuykendall, dec'd, and his heirs, to compel the specific performance of a contract for the sale of land, or to secure a deed for lands previously purchased. The land was, at the commencement of the action, in Colorado County, but the suit was brought in Matagorda County, the wife of the deceased Kuykendall and an adult child being residents of that county, and also two minor children, whose residence, until the contrary is shown, must be presumed to be that of their mother. Some of the heirs of Kuykendall, were resident in other counties, one of them living in Colorado, where the land was situated.

There was a plea to the jurisdiction of the Court, on the ground that the suit should have been brought in the county where the land is, viz : the County of Colorado : and the plea being sustained, the suit was dismissed.

The only question is, whether a suit by a vendee, for specific

performance, should be brought in the county where the land lies, or whether it may be brought in the county where the defendant or one of the defendants resides ?

This suit was brought in 1840, and its venue must be determined by the provisions of the Act establishing the jurisdiction and powers of the District Courts, Vol. 1st, Laws of the Republic, p. 198. In the fifth Section, it is declared that no person shall be sued out of the county in which he may reside, with ten exceptions, in no one of which it is declared positively, that the suit must not be in the county where the defendant resides, except that as to a married woman she must answer in the county that is the residence of her husband, and where there are two or more defendants residing in different counties, the suit may be in either county. The ninth exception relates to land, and is in these words, viz : " in case where land is the object of the suit." The extent and force of this exception will be the better comprehended by reading the rule in connection with the exception ; and the provision would then read as follows, viz : No person shall be sued out of the county in which he may reside, except in case where land is the object of the suit. Does this mean that he must be sued in the county where the land lies ? It certainly does not. It means only that it is the privilege of the defendant to be sued in the county of his domicil ; but where land is the object of the suit, the plaintiff has the privilege of suing him elsewhere.

The third exception in the same statute, in connection with the rule, is to the effect that no person shall be sued out of the county of his residence, except where he has contracted to perform an obligation in a particular county. This does not mean that he can be sued only in the latter county, but that he may be sued there or at the county of his residence.

The statute of 1846 (Hart. Dig. Art. 667) is much more specific, as to the venue of suits, maintaining the general rule as to the domicil of the defendant, but requiring, in certain cases, the suit to be brought elsewhere. The eleventh exception re-

quires suit to be instituted where the land or a part thereof is situated, in cases where the recovery of land or damages thereto is the object of the suit.

If it be admitted that the ninth exception of the Act of 1836 has the force and extent of the eleventh of 1846, and that under the former a suit for the recovery of land or damages thereto must be brought in the county where the land lies, the question then arises whether a suit for the specific performance of a contract for the sale of lands, and to secure a deed be, in a just sense, a suit for the recovery of lands ; for if it be not, the plaintiff is not inhibited from bringing suit at the domicil of the defendant.   An action for the recovery of lands has a well known and definite signification, and means an action of ejectment, trespass to try title, or a suit to recover the land itself ; whereas the object of a suit by vendee, for specific performance, is not the recovery of the land itself, but to enfore a contract for its sale, and the delivery of a deed or title for the land.   The vendee may be, and very often is, in possession of the land, and that by an equitable title superior in every respect to the shadow of legal title remaining with the vendor, but for convenience and security he may desire a conveyance in form, in accordance with the contract ; and a proceeding for this purpose could not, in the ordinary and legal acceptation of the terms, be described as a suit for the recovery of the land.   To secure title deeds to land is one thing ; to recover the land itself is another ; and as the former is generally and mainly the object of a suit by vendee for the specific performance of a contract for the sale of land, it is apparent that the action does not come within the scope of a provision, the operation of which is restricted to suits for the recovery of the land.

There is much force in the view, that suits in relation to lands, whether for the recovery of title or for the land itself, should be brought in the county where the land is, on the ground that such suit would more certainly be notice to third

persons, than if brought elsewhere : and that the doctrine of notice, from the pendency of the suit, should not be applied, unless brought where the land is situated.   But the objection is not of such weight as to deprive the plaintiff of a privilege to which he is entitled by law.   Besides, let the judgment for the title be recovered in what county it may, it cannot be offered in evidence until recorded in the county where the land is situated.   (Hart. Dig. Art. 2771.)

Questions analogous to the one raised in this case, were presented in the case of Edmunson v. Finch, 9 Tex. R. 504, and in Morris v. Runnels, 175 ; and the effect of the decisions, especially the latter, was to restrict the operation of the eleventh exception, to cases where suits were properly for the recovery of land " or damages thereto," and did not embrace cases the primary object of which was the rescission of contracts for the sale of lands.

We are of opinion that the suit was properly brought in the County of Matagorda, that there was error in sustaining the demurrer and in dismissing the suit, and the judgment is reversed and cause remanded.

                    Reversed and remanded.