HARRIS v. MANN et al. (No. 1428.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 4, 1918.)

1. PLEADING ⟐⟐34(3)—GENERAL EXCEPTION.

As against a general exception to a petition, every reasonable intendment will be indulged in favor of the petition's allegations.

2. PLEADING ⟐⟐49 — NATURE OF ACTION—FRAUD OR CONTRACT.

Petition alleging contract to sell plaintiff land and a lease of other lands, false representations as to the length of time for which the lease could be renewed, the making of a deed for the land bought, and a purported assignment of the lease, and that a certain part of the recited consideration of the deed was for the assignment, and seeking damages, held for fraud, and not to recover on a contract.

3. EVIDENCE ⟐⟐419(9)—PAROL EVIDENCE—CONSIDERATION.

Plaintiff, in an action for fraudulent representations as to time for which lease could be renewed, inducing his purchase of certain land and lease of other land, can show that part of the recited consideration in the deed to him of the land bought was for the lease.

Appeal from District Court, Yoakum County; W. R. Spencer, Judge.

Action by M. B. Harris against W. R. Mann and others. From a judgment sustaining a general exception to the petition, plaintiff appeals. Reversed and remanded.

E. S. Rowe, of Plains, for appellant.

Dallas Scarborough, of Abilene, for appellees.

HUFF, C. J. [1] This is an appeal from a judgment sustaining a general exception to plaintiff's original petition. As we interpret the petition, the cause of action is based upon fraud and deceit, inducing the plaintiff to enter into a contract. While the allegations are indefinite and somewhat involved, and it is rather hard to determine just what is intended, yet, in the face of a general exception, every reasonable intendment will be indulged in favor of the allegations.

[2] It is alleged that the defendants agreed to sell 417 acres of land, and also to sell to plaintiff a preference lease right at an annual value of $38.40 per section, on five sections of additional land, and as an inducement thereto the defendants represented to plaintiff that three of the sections belonged to the estate of minors in the hands of their legal guardian, and that the minors would not be of age for seven years, and that the land could not be sold until they were of age; that the other two sections were the property of some investment company, holding the land for higher price, and that the land would not be for sale for a number of years; that defendant Mann held a written lease to all said leased lands which contained a preference right to him and his assigns, to release said lands so long as they were for lease, which would not be less than seven years and very likely longer; that plaintiff was induced to believe said representations, and was induced to purchase the section and the preference lease right to the five sections, which he would not have done but for the representations. It is alleged that the deed to the section purchased recited the agreed consideration for that section as well as for the five leased sections, but that in fact $1,500 thereof was the consideration for the preference lease of the five sections; that defendants purported to assign to plaintiff such lease, representing at the time, however, that the leases themselves were then out of their possession and at another place in the

vaults of the bank; that they never delivered such lease, but that plaintiff, relying upon their representations, moved on the land, etc. It is alleged all of these representations so made were false and untrue, which induced the plaintiff to enter into the contract, and that thereafter plaintiff was ejected from the leased lands and put to great expense, etc. He seeks to recover the agreed value or amount paid for the lease, and for some other special damages not regarded as necessary to set out. This is not a suit to recover on a contract, but it is an action on representations inducing the contract by fraud and deceit. The action is on the fraud and deceit. The facts extraneous of the deed were not alleged for the purpose of varying the terms of the deed, but to the end of showing that plaintiff was induced to accept the deed and pay the $1,500 by reason of the fraudulent representations of the defendant. United States Gypsum Co. v. Shields, 106 S. W. 725; General Bonding & Casualty Insurance Co. v. Mount, 183 S. W. 783; White v. Peters, 185 S. W. 659; Weeks v. Stevens, 155 S. W. 667.

[3] The mere fact that the allegations are that the entire consideration was recited in the deed would not be such a recitation as would preclude the proof that the representations and that part of the price paid was in fact for the leased sections. The recitation of the consideration of the amount paid in the deed for the land, the fee of which was purchased, would not preclude the proof that $1,500 of that amount was in fact paid for the lease. This case, as we conceive it, does not fall under the rule announced in the case of Matheson v. C-B Live Stock Co., 176 S. W. 734. Some of the damages alleged are not recoverable, but we shall not go into the measure of damages which should be applied. We simply hold that the general exception should not have been sustained.

The case will be reversed and remanded.