### PERRY et al. v. WOOD.
### No. 1911.

Court of Civil Appeals of Texas. Beaumont.
Feb. 20, 1930.
Rehearing Denied Feb. 26, 1930.

J. J. Collins, of Lufkin, for appellants.
Adams & Hamilton, of Jasper, for appellee.

WALKER, J.

This is an appeal from an order of the district court of Jasper county overruling appellants' pleas of privilege to be sued in the counties of their residence. Under the allegations of appellee's petition, appellant Perry was a resident citizen of Angelina county, Tex., and his coappellant, Commercial Standard Insurance Company, of Dallas county, Tex. For cause of action appellee alleged that appellant Perry operated a bus line between the city of Jasper, Jasper county, and Lufkin, Angelina county, and that he carried indemnity insurance with the Commercial Standard Insurance Company. He further alleged that on the date mentioned in his petition he was a passenger on one of the Perry busses traveling from Jasper, in Jasper county, to Lufkin, in Angelina county; that Perry's servant operated the bus in a grossly negligent manner and at a negligent rate of speed, in violation of the law of the state, in that he was operating the bus at sixty miles an hour; that the driver was inexperienced and, though warned of his negligence and duly cautioned by appellee, he persisted in driving the bus at the speed named; that as a result of the negligence alleged the driver lost control of the car, and, in applying the brakes, caused the car to leave the road and run into a concrete culvert, throwing appellee from the bus and inflicting upon him serious personal injuries. The allegations against the insurance company predicated liability on the policy of indemnity issued by it in favor of appellant Perry. Without further detailing the pleadings, it is sufficient to say that appellee pleaded trespass, within the meaning of the ninth exception to article 1995, Revised Civil Statutes 1925, as construed in Vaught v. Jones (Tex. Civ. App.) 8 S.W.(2d) 800; Id. (Tex. Com. App.) 17 S.W.(2d) 779. Appellant Perry filed his plea of privilege, praying that the venue, as to him, be changed to Angelina county, the county of his residence. The insurance company also filed a similar plea praying that venue be changed to Dallas county, the county of its domicile. Appellee duly filed his controverting affidavit claiming venue under the ninth exception to article 1995. When the case was called for trial the court first considered the pleas of privilege and entered judgment overruling them, to which ruling appellants duly excepted and have perfected their appeals to this court. On the issues raised by the pleas of privilege and the controverting affidavit no evidence was offered by either party, but it was agreed, as recited by the court in its judgment, "that the accident out of which this cause of action grew occurred in Jasper County, Texas, but no other evidence whatsoever" was introduced on said hearing.

## Opinion.

The court erred in overruling the pleas of privilege. In order to sustain venue in Jasper county appellee was under the burden, not only of pleading a cause of action within one of the exceptions to article 1995, which burden he met by pleading facts constituting a trespass within the ninth exception, but he was also under the burden of sustaining his allegations by proof. The admission that appellee was injured in an accident that occurred in Jasper county, even if the agreement can be so construed, was not an admission of facts constituting a "trespass," as that term is defined by the case cited supra. In addition to the facts admitted upon the trial, appellee was under the burden of proving further that his injury was caused by the negligence of Perry, and that such negligence was an affirmative act rather than a mere omission to perform a duty. The petition, as we have already said, stated an affirmative act, but the mere allegation, without due proof, did not sustain the venue. For the authorities on this proposition see Annotations under article 2007, Vernons' Annotated Texas Statutes, note 17.

Because of the error herein discussed, the trial court's judgment overruling the pleas of privilege is reversed and the cause remanded, with instructions to said court to sustain the pleas of privilege and to transfer this cause to the district court of Angelina county, Tex.

Reversed and remanded, with instructions.