### ALLISON v. YARBOROUGH et al.
### No. 6019.

Court of Civil Appeals of Texas. Amarillo.
Feb. 27, 1950.

Rehearing Denied April 3, 1950.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo (C. A. Stein, Amarillo, of counsel), for appellant.

Frank C. Ashby, and Whitaker, Turpin, Kerr, Smith & Brooks, Midland, for appellees.

LUMPKIN, Justice.

This is an appeal from an order sustaining a plea of privilege. The parties will be designated as they were in the trial court.

Alvin R. Allison brought this suit in Hockley County, Texas, against L. G. Yarborough, Sr., and L. G. Yarborough, Jr., d. b. a. L. G. Yarborough & Son, residents of Midland County. In Paragraph I of his petition the plaintiff alleged (a) that plaintiff and defendants took oil and gas leases in defendants' names on seven tracts of land situated in Hockley County and (b) that the leases were acquired with the understanding that each party was to own a one-third interest in them.

Paragraph II of the petition reads as follows:

"That when the above leases referred to were taken it was the agreement between the plaintiff and the defendants that the defendants would execute an assignment to the plaintiff of an undivided one-third interest in and to said leases, but the defendants, though often requested, have failed and refused and still fail and refuse to execute said assignment to the interest hereinabove alleged, to the plaintiff.

"The defendants not only have failed and refused to deliver the assignments to said plaintiff as agreed, but have disposed of undivided interests in and to said leases above described to other parties.

Paragraph III reads in part:

"Plaintiff further alleges that in consideration of the contract between himself and the defendants herein, in which said agreement and contract the defendants agreed to assign to this plaintiff the one-third interest in and to the leases herein described, that plaintiff did and performed a great deal of work and rendered unlimited service for himself and for defendants in obtaining said leases, in working out the details of same, and in obtaining from various sources curative matter pertaining to the titles to the various lands on which the oil and gas leases herein described were executed, and that in consideration of all said services, plaintiff acquired a one-third interest in said leases, and the defendants have repeatedly agreed to assign said interest to this plaintiff, and to execute a written instrument to that effect, and have repeatedly stated to this plaintiff that said agreement would be prepared and completed by them within a short time and would be delivered to this plaintiff. * * "

In his prayer, the plaintiff asked "judgment for his one-third interest in said leases. * * * "

The defendants filed their plea of privilege to be sued in Midland County. Plaintiff filed a controverting plea, asserting that venue of the suit lay in Hockley County under the provisions of Subdivision 14 of Article 1995, Vernon's Annotated Civil Statutes.

Trial was before the court without the intervention of a jury. The parties agree that the land described in the leases is located in Hockley County. The plaintiff offered his original petition in evidence, and the defendants offered in evidence their plea of privilege. The defendants called as a witness the plaintiff, who, over his counsel's objection, stated that his claim to the undivided one-third interest in the leases was based on an oral agreement and that after the defendants obtained title to the leases, plaintiff received a letter from the defendants saying that they would "give to me assignments to the property in which I was entitled * * * under our oral agreement." The letter itself was not introduced in evidence. The trial court granted the defendants' plea of privilege and ordered the cause transferred from Hockley County to the district court of

**932**

Midland County. The plaintiff excepted to the court's judgment and has duly perfected his appeal to this court.

The plaintiff attacks the court's judgment on two points of error: (1) He contends that since this is a suit for the recovery of land, the court erred in not fixing venue in Hockley County, the county in which the land is situated, as provided by Subdivision 14, Article 1995. (2) He asserts that the court erred in determining the nature of plaintiff's suit by going beyond the averments in plaintiff's petition and considering circumstances not disclosed by the petition but found only in plaintiff's testimony.

■ The plea of privilege is a creature of the law enacted for the benefit of the defendant. Only the exceptions are for the benefit of the plaintiff. Article 1995, Vernon's Annotated Civil Statutes, sets forth the general rule that no person may be sued out of the county in which he has his domicile. Subdivision 14, Article 1995, lists one of the exceptions to the general rule: "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

■ The plaintiff has the burden of proving as well as pleading the facts necessary to prove venue. However, under Subdivision 14, as a general rule, where the petition alleges recovery of land as a cause of action, the venue question is restricted to the nature or character of the suit. It is not concerned with the question of whether a cause of action exists in fact. In this particular, Subdivision 14 differs from certain other exceptions set out in Article 1995. Cox et al. v. Palacios, Tex. Civ.App., 188 S.W.2d 688; Knape v. Johanson et al., Tex.Civ.App., 170 S.W.2d 319. Also see Hoover v. Horton, Tex.Civ.App., 209 S.W.2d 646. In a suit for the recovery of land the plaintiff has the burden of proving two venue facts: First, the nature of the suit; and second, the location of the land. Whether this case is one for the recovery of land is a question

of law to be determined by the court solely from the averments of plaintiff's petition. 43 Tex.Jur. 846; Klein v. Sibley, Tex.Civ. App., 203 S.W.2d 239.

In some respects this case is similar to Smith v. Hall, 147 Tex. 634, 219 S.W.2d 441, 444. That case grew out of an original proceeding in mandamus by R. E. Smith to compel the Texarkana Court of Civil Appeals to certify certain questions to the Supreme Court. The suit concerned royalty and similar interests in about 2710 acres of land in the Carthage Gas Field in Panola County, all of which was under lease to Smith. The suit was filed by the Panola County Royalty Owners against Smith in Panola County. Smith filed his plea of privilege to be sued in Harris County, where he resides, and the Royalty Owners filed a controverting plea in which they asserted that venue lay in Panola County under the provisions of Subdivisions 14 and 5 of the venue statute. The trial court overruled the plea of privilege, and its action was affirmed by the Texarkana Court of Civil Appeals. In answering the questions submitted by Smith, the Supreme Court concluded that the Texarkana court erred in affirming the judgment of the trial court. It appears that Smith had offered to enter into a contract with the Royalty Owners with terms identical to those of contracts existing between the Chicago Corporation and the Royalty Owners. The Royalty Owners Association accepted Smith's offer. In their petition the Royalty Owners alleged that Smith had failed and refused to execute and deliver the contract in accordance with his agreement after being requested to do so. The Supreme Court held that the primary cause of action alleged in the Royalty Owners' petition was for specific performance, that the purpose of the suit was to compel Smith to carry out his agreement by executing and delivering contracts similar to the contracts between the Royalty Owners and the Chicago Corporation. The court assumed that the agreement to make the new contract was a contract to convey an interest in land. With this assumption in mind, the Supreme Court said:

"Even if this assumption is made, we think that the present case does not come under the provisions of Section 14 of Article 1995. The decisions of this court for many years have been uniformly to the effect that a suit for specific performance of a contract to convey an interest in land, or for damages for breach of such contract, does not come under the provisions of the venue statutes relating to suits for the recovery of lands or damages thereto. Hearst's Heirs v. Kuykendall's Heirs, 16 Tex. 327; Miller v. Rusk, 17 Tex. 170; Cavin v. Hill, 83 Tex. 73, 18 S.W. 323. In Miller v. Rusk, supra, the court said, 17 Tex. at page 172:

" 'Where the suit is upon the contract, whether it be to compel the specific performance of it, or to recover damages for its breach, it is not a suit for the "recovery of land or damages thereto," and consequently is not within the exception and rule of the Statute, which requires the suit to be brought in the county where the land lies, though it be not the county of the defendant's residence.' "

■ A reading of the excerpts from plaintiff's petition, as quoted above, clearly reveals this suit to be one for the specific performance of a contract. The plaintiff. alleged an agreement between the defendants and himself to convey an interest in land and alleged that the defendants have refused to fulfill the terms of the contract although demand has been made upon them. True, the prayer for relief in plaintiff's petition asks judgment for a one-third interest in the leases. The prayer, however, has no bearing on the question of whether the petition reveals an action for the recovery of land. The nature of plaintiff's action is not determined by the wording of his prayer. Under our system of pleading the cause of action depends upon the facts stated in the petition. Griner et al v. Trevino, Tex.Civ.App, 207 S.W. 947; Thrift Packing Co. v. Royal Manufacturing Co., Tex.Civ.App., 27 S.W.2d 255, err.

dism.; Hutson v. Clark, Tex.Civ.App., 3 S.W.2d 484; Harris v. Mann, Tex.Civ.App., 207 S.W. 156; Lester v. Hutson, Tex.Civ. App., 167 S.W. 321; err.dism.; Stockyard Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

■ Next, the plaintiff contends the court erred in determining the nature of the suit from plaintiff's testimony rather than from the averments of plaintiff's petition. The testimony was introduced to show that the contract upon which the plaintiff seeks to recover a one-third undivided interest in the mineral leases is an oral contract, that it was for an interest in land, and that the facts surrounding the contract did not relieve it from the operation of the statute of frauds. Witting v. Towns, Tex.Civ.App., 265 S.W. 410. In our opinion, however, the court's conclusion to move the venue of the case to Midland County was not based upon plaintiff's testimony. As we have said, where an action seeks the recovery of land or an interest therein, only two facts need be shown under Subdivision 14 to fix venue in the county wherein the land is situated: i. e., the nature of the case and the location of the land. The averments of plaintiff's petition reveal the cause of action as one for the specific performance of a contract; the parties agree that the land is situated in Hockley County. Proof of facts other than the location of the land is irrelevant. Galbreath v. Farrell, Tex. Civ.App., 221 S.W. 1015, writ ref.; Walter v. Hammonds, Tex.Civ.App., 42 S.W.2d 1084. Since the plaintiff's pleadings and proof fail to show that he is entitled to retain venue in Hockley County, the court did not err in sustaining defendants' plea of privilege and transferring the cause to Midland County.

We have carefully reviewed the record in this case. Finding no reversible error, we overrule plaintiff's points of error and affirm the judgment of the trial court.