**LAKE et al. v. REID et al.**
No. 6607.

Court of Civil Appeals of Texas.
Texarkana.
Nov. 6, 1952.

Lasseter, Spruiell, Lowry, Potter & Lasater, Tyler, for appellant.

Falvey & Painter, Longview, for appellee.

LINCOLN, Justice.

This appeal is from an order of the District Court of Rusk County, overruling pleas of privilege separately filed by appellants P. G. Lake, Trustee, and F. M. (Frank) Reid. Appellants make the following statement of the nature of the suit,

which the appellees concede to be correct: "Mrs. V. E. Reid was the owner of a 205-acre tract of land in Rusk County, Texas, and on her death such land descended to her heirs. Three of said heirs, viz: Frank (F. M.) Reid, Jim A. Reid and Lillie Mae Reid Wooley, (who owned an undivided 3/7ths interest in the property) executed a surface lease to the appellant, P. G. Lake, Trustee, covering the lessors' interest in 2 acres out of the 205-acre tract. This 2 acres adjoins a small tract of land known as the White cemetery tract, which is no part of the 205 acres and none of the Reid heirs own any interest in said cemetery lot, but P. G. Lake, Trustee, holds an oil and gas lease on said cemetery lot. P. G. Lake, Trustee, entered upon the 2-acre tract under the above-mentioned surface lease and drilled a directional oil well. The well is surfaced on the 2-acre tract but bottomed under the cemetery lot. P. G. Lake, Trustee, is not using all of the 2 acres covered by the surface lease.

"The plaintiffs in this case are some of the Mrs. V. E. Reid heirs who did not execute the surface lease and they sue the three lessors and P. G. Lake, Trustee, the Lessee, in Rusk County, Texas. P. G. Lake, Trustee, and F. M. Reid and wife, Lela Reid (two of the lessors in the surface lease) filed pleas of privilege to be sued in Smith County, Texas, and this appeal is from the trial court's order overruling both of these pleas of privilege."

The nature of plaintiffs' suit is set forth in the following paragraphs of their petition:

"II. That heretofore on, to-wit, about the 6th day of March, A. D. 1950, the defendant, P. G. Lake, Trustee, wrongfully entered into possession of said property and ousted the plaintiffs therefrom, then and there claiming to be entitled to the exclusive possession thereof, openly asserting said claim, of all of which said defendant ever since said time has possessed and occupied said property exclusively and appropriated the rents and revenues and value thereof to his individual use, denying all rights therein to these plaintiffs; that the reasonable rental value of said property for said time is the sum of $350.00 per month; that the defendant, P. G. Lake, Trustee, though often requested has always refused and and yet refuses to pay the same or any part thereof, to these plaintiffs great damage.

"III. In the alternative, plaintiffs would show that on or about the 6th day of March, 1950, defendants Frank Reid, Jim A. Reid and Lillie Mae Wooley were then and there in lawful possession of said property as co-tenants with plaintiffs and the other defendants as set out above, these plaintiffs not being in actual possession thereof and on said date the aforesaid three defendants entered into a lease agreement with defendant P. G. Lake, Trustee the above described two acres of land and collected from said defendant large sums of money the exact amount of which these plaintiffs do not know but which on information and belief, they allege to be as follows: $45.00 per month to be paid by P. G. Lake, Trustee, to Lessors as follows: F. M. Reid and wife, Lela Reid, $15.00, Jim A. Reid, $15.00, Lillie Mae Reid Wooley, $15.00. Plaintiffs are further informed that defendant Jim Reid received an advance rental of $800.00 upon the execution of such lease aforesaid; that said defendants aforesaid have appropriated to their individual use the said rents and the sums so received for same and have denied the plaintiffs rights therein and have refused to pay them the same or any part thereof, to their great damage.

"IV. Pleading further in the alternative, plaintiffs would show that defendant, P. G. Lake, Trustee, on or about March 6, 1950, entered into an agreement with Jim A. Reid, defendant herein, agreeing that he, the said P. G. Lake, Trustee, would secure a lease from plaintiffs as well as the remaining heirs of Mrs. V. E. Reid,

deceased, and pay them the same amount of monthly rental of $15.00 per month that F. M. Reid, Jim A. Reid and Lillie Mae Reid Wooley were to receive under the lease agreement entered into by said defendants, but that said defendant, P. G. Lake, Trustee, has wholly failed and refused to comply with such agreement aforesaid."

The prayer of the plaintiff is for judgment "against the defendants and each of them, jointly and severally, for such sums as may be found to be due and owing to plaintiffs and that plaintiffs have judgment establishing their title to said undivided interest in said land and establishing their rights of possession thereof as co-tenants, that they have personal judgment against the defendant P. G. Lake, Trustee, for the value of the use and rent of said property from and after March 6, 1950, and in the alternative that they have personal judgment against the defendants, F. M. Reid and wife, Lela Reid, Jim A. Reid and Lillie Mae Reid Wooley, jointly and severally, for their undivided interest in the value of the use and rent of said property from and after said date and for costs of court and such other relief at law and in equity to which plaintiffs may show themselves justly entitled and for which they will ever pray."

■ The appellees, upon whom the burden rests, Rules 86–89, Texas Rules of Civil Procedure; Klein v. Sibley, Tex.Civ. App., 203 S.W.2d 239, assert venue is maintainable in Rusk County under Subdivisions 4, 9, 14 and 29a of Article 1995, R.S. of Texas, Vernon's Ann.Civ.St. art. 1995, subds. 4, 9, 14, 29a. It is always necessary in passing upon a plea of privilege to determine the nature or character of the suit. The pleadings must be examined in their entirety in order to determine the principal right asserted and the relief sought. The venue is determined by the facts of the transaction and not by the name given to it nor the form in which the plaintiff has cast his petition. 43 Tex.Jur., p. 707, Sec. 4. Conclusions may be expressed in pleadings, but they must be read in connection

with all other allegations and examined in their entirety in order to find out what principal right or rights are asserted.

■ We will consider first whether plaintiffs below may maintain venue in Rusk County under Subd. 14 of Art. 1995, R.S. of Texas, providing that suit must be brought in the county where the land or a part thereof may lie, if such suit is (1) for the recovery of lands, or (2) damages thereto, or (3) to remove incumbrances upon the title to land, or (4) to quiet title to land, or (5) to prevent or stay waste on lands. To maintain venue in the county of suit under Exception 14 as against a plea of privilege, the plaintiffs must show that the nature of the suit concerns land in one or more of the five particulars set out above, and that the land or a part thereof is in the county. It is not necessary, as in some other exceptions to exclusive venue, to show by proof that a cause of action in fact exists. 43 Tex.Jur., p. 819, Sec. 90; Id. p. 852, Sec. 119; Allison v. Yarborough, Tex.Civ.App., 228 S.W.2d 930; Pickens v. Harrison, Tex.Civ.App., 231 S.W.2d 812; Cox v. Palacios, 188 S.W.2d 688; First Nat. Bank v. Guyer, Tex.Civ.App., 40 S.W.2d 212; Dees v. McDonald, Tex.Civ.App., 36 S.W.2d 301; Smith v. Abernathy, Tex.Civ. App., 6 S.W.2d 147 (C.C.A.). The court in such case may decline consideration of any question of liability by way of proof. Pickens v. Harrison, supra.

■ The nature of the suit must be determined solely from the petition, and is a question of law. Klein v. Sibley, supra; Smith v. Abernathy, supra; First Nat. Bank v. Guyer, supra; Dees v. McDonald, supra; 43 Tex.Jur., p. 862, Sec. 119. In this case the proof showed by stipulation that the land is in Rusk County. It remains to determine from the petition the nature of the suit.

■ Paragraph numbered II of the petition is claimed by appellees to be in trespass to try title. In a general way that may be true as to appellant Lake, Trustee, only. The allegations relate to his possession only. The date of his entry is alleged to have been March 6, 1950. By succeeding

allegations appellees show the source of Lake's claim and the basis of appellant Reid's claim. It is clear that the primary purpose of plaintiffs' suit was to require appellants to pay them rents for use of the 2 acres described. Lake's possession rests upon the allegations in the third and fourth paragraphs of the petition, which paragraphs amount to a pleading of Lake's title and the title of all the joint owners. This calls for a construction of the pleading in keeping with the well established rule that if the primary purpose of the suit is not for the recovery of land or for damages thereto, then venue cannot be maintained in the county where the land lies, under Exception 14 of the venue statute. Assuming that the second paragraph is complete as an action of trespass to try title, the specific allegations in other portions of the petition must control on the question. 41 Tex.Jur., p. 562, Sec. 83; Smith v. Hall, 147 Tex. 634, 219 S.W.2d 441; Allison v. Yarborough, Tex.Civ.App., 228 S.W.2d 930; Klein v. Sibley, Tex.Civ. App., 203 S.W.2d 239; Miller v. Howell, Tex.Civ.App., 234 S.W.2d 925.

■■ The prayer for relief in plaintiffs' petition asks, among other things, for judgment establishing their title to an undivided interest in the land and their rights of possession as cotenants. "The prayer, however, has no bearing on the question of whether the petition reveals an action for the recovery of land. The nature of plaintiff's action is not determined by the wording of his prayer. Under our system of pleading the cause of action depends upon the facts stated in the petition." Allison v. Yarborough supra, [228 S.W.2d 933.], citing cases. Since the petition does not show that its main purpose is for the recovery of land or damages thereto, nor for any other purpose set forth in Subd. 14 of Art. 1995, R.S., venue of the suit cannot be maintained in Rusk County under said subdivision as against the pleas of privilege of the non-resident appellants.

Appellees claim that venue may be maintained in Rusk County under Subd. 4 of Art. 1995, R.S., providing that "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." The petition alleges and the proof shows by stipulation that appellants Lake, Trustee, and F. M. Reid and wife reside in Smith County, and that defendants Jim Reid and Mrs. Wooley reside in Rusk County. In order to maintain venue in Rusk County, the plaintiffs must allege and prove a cause of action against one or more of the Rusk County defendants, that is, against Jim Reid or Mrs. Wooley, they being the only defendants residing in Rusk County. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. The petition has been sufficiently analyzed to show that the only relief sought is against the four defendants named,—appellants and Jim Reid and Mrs. Wooley. The latter two do not appeal. The suit alleged against Jim Reid and Mrs. Wooley is that they joined with F. M. Reid in the lease contract to Lake, Trustee, and the plaintiffs demand an accounting and rents for use of the two acres of land against the resident defendants if they are not entitled to such relief from Lake. We might conclude the point here by saying that plaintiffs have failed to make proof necessary to sustain venue under Subd. 4, in that no proof appears of record that plaintiffs have not been paid, nor the rental value to them of the land, nor that an accounting has not been made.

■■ But there are additional reasons touching the claimed cause of action as well as further lack of proof. The petition and stipulation show that all plaintiffs and defendants except Lake, Trustee, were tenants in common of the 205-acre tract. The rule is well known that each cotenant may freely assign or convey his interest in the common property, "and his assignee or vendee at once becomes the owner of the interest conveyed, and as such, as matter of law, a cotenant with the former cotenants of his vendor, and entitled to all the rights of any cotenant, including the rights of possession and re-sale." 11 Tex.Jur., p. 433, Sec. 23; 11 Tex.Jur., p. 466, Sec. 41. In cotenancy the right of possession is common to each and all of the joint owners. The possession of one is considered to be

rightful until shown to be hostile to the co-owners. His possession is held to be that of all the others. 11 Tex.Jur., pp. 427–429, Sec. 19, citing numerous authorities. If Jim Reid and Mrs. Wooley have deprived plaintiffs of their right of possession, or if they have committed some hostile act such as to deprive plaintiffs of the enjoyment of possession or use, proof of such act or acts is necessary, but no such proof appears.

The petition shows that Lake was in possession of the leased property. It is affirmatively alleged that at the time the lease was executed, the plaintiffs were not in actual possession. It is not alleged that either Jim Reid or Mrs. Wooley ousted the plaintiffs from possession, or denied to them any rights of possession. The only allegation is that they have denied to plaintiffs their rights to the rents which have been paid. There is no proof of such fact. "The rule is settled that 'unless the right of the co-tenant to the equal use and enjoyment of the property is denied by the tenant in possession, such tenant is not liable for rents for the use of the property.'" Schluter v. Sell, Tex.Civ.App., 194 S.W.2d 125, 132; Roberts v. Roberts, 136 Tex. 255, 150 S.W. 2d 236, 136 A.L.R. 1019.

The lease contract in evidence shows that the grantors therein demised "All our undivided interest" in the two acres. We think it may be said that if one of the joint owners rents out the entire estate in all or any part of the common property, and the grantee goes into exclusive possession under such rental contract, the joint owner who collects the rent may be required to account therefor to the others. But here the grantors did not purport to lease to Kake any interest in the two acres but their own. If they had sold their interest outright they could not be made to account to plaintiffs for any part of the consideration. While we have not been furnished with any Texas decision on the question, we think that there is no more reason for requiring the grantors in the lease contract to account to plaintiffs and other joint owners for the consideration received than there would be for a complete sale of their interests. This view has been adopted in some other jurisdictions, particularly Wisconsin, Pennsylvania and Kansas. See 27 A.L.R., p. 189. If we are correct in this holding, then Frank and Jim Reid and Mrs. Wooley did not owe anything to appellees, and the petition did not state a cause of action against them.

It is not unusual in this state for one co-tenant to settle on one part taken out of a larger tract of land, make improvements thereon and assert a claim hostile to the other joint owners. In effect it amounts to an equitable partition and may be upheld upon final partition if it can be done without injury to his co-tenants. 11 Tex.Jur., p. 460, Sec. 38. So, also, the deed of a tenant in common to a specified parcel of land held by him with others is not absolutely void. It does not convey or destroy the title of other co-tenants in and to the land described, yet a court of equity will protect the purchaser if it can be done without injury to other joint owners, by setting apart to him the particular tract bought. Heller v. Heller, 114 Tex. 401, 269 S.W. 771; Furrh v. Winston, 66 Tex. 522, 1 S.W. 527; Gaines v. Lee, Tex.Civ.App., 175 S.W.2d 728, error denied; Lasater v. Ramirez, Tex.Com.App., 212 S.W. 935; Simpson-Fell Oil Co. v. Stanolind Oil & Gas Co., 136 Tex. 158, 125 S.W.2d 263, 146 S.W.2d 723. The rule is applicable to leasehold rights on a specified parcel carved out of the whole common property. Simpson-Fell Oil Co. v. Stanolind Oil & Gas Co., supra; 14 Am.Jur., p. 154, Sec. 87.

For the reasons above stated, plaintiffs were not entitled to the relief sought by them against the resident defendants, Jim Reid and Mrs. Wooley, and their petition did not state a cause of action against them. Having neither pleading nor proof to support their suit against the Rusk County resident defendants, the venue is not maintainable in that county under Subd. 4, of Art. 1995, R.S., as against the pleas of privilege of Lake and F. M. Reid.

Appellees also seek to uphold the action of the trial court in overruling the

pleas of privilege under Subd. 9 of Art. 1995, R.S., providing that "A suit based upon a * * * trespass may be brought in the county where such * * * trespass was committed * * *." That no trespass was committed by appellants is clear. None is alleged nor proven. The possession of Lake, Trustee, was lawful, he being a co-tenant with other owners. There is no proof of ouster nor of conversion by him nor by appellant Reid. Bates v. Stinnett, Tex.Civ.App., 170 S.W. 2d 644; Hooper v. Halsell, Tex.Civ.App., 143 S.W.2d 228; Perry v. Wood, Tex.Civ. App., 25 S.W.2d 650. The proof is wholly insufficient to raise the issue. Venue in Rusk County cannot be sustained under Subd. 9.

 Finally, appellees rely upon Subd. 29a of Art. 1995, R.S. as authorizing suit in Rusk County. That exception reads: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties". "Subdivision 29a, supra, is purely ancillary to other exceptions to Article 1995, and can never be invoked to fix venue in a given county independent of some one of those exceptions. It relates only to suits brought in a county where no defendant resides or is domiciled, but which can be maintained there against one defendant under some other exception of that article." Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900, 901, citing Pioneer Bldg. & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284, and Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74. This suit does not fall within the pattern laid by the Supreme Court in the foregoing decisions, and others which might be cited. It would be unnecessary to invoke the provisions of Subd. 29a, because, since Jim Reid and wife and Mrs. Wooley were residents of Rusk County, venue would lie there under Subd. 4, supra, if the suit was of such nature, and the allegations and proof sufficient, to bring it within the purview of that sub-

division. Tarrant v. Walker, supra. Since "no exception to exclusive venue in the county of one's residence provided by law exists in said cause", Art. 2007, R.S., exists, we are of the opinion the learned trial court erred in overruling appellants' pleas of privilege.

The judgment of the district court is reversed and the cause remanded with instructions to sustain the pleas of privilege of appellants, and to enter order transferring said cause to the proper court of Smith County, Texas.