**PICKENS et al. v. LANGFORD et ux.**

**No. 12701.**

Court of Civil Appeals of Texas.

San Antonio.

June 16, 1954.

Rehearing Denied July 7, 1954.

Crawford & Crawford, Crystal City, W. F. Weeks, Tyler, Prentice Wilson, Dallas, for appellants.

Walter Hilliard, Houston, Jackson & Jackson, Crystal City, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted in the District Court of Zavala County, Texas, by DeWitt Langford and wife, Lillian Langford, of Harris County, against W. L. Pickens of Dallas County, and H. H. Coffield of Milam County, seeking among other things, according to the prayer of the petition, to recover damages in the sum of $4,000,000, to recover title and possession of some 6,500 acres of land located in Zavala and Maverick Counties, for an accounting, and for the appointing of a receiver.

Defendants, Pickens and Coffield, each filed a separate plea of privilege to be sued in the county of his residence. Plaintiff Langford controverted these pleas and based his right to maintain this suit in Zavala County upon Subdivision 14 of Art. 1995, Vernon's Ann.Civ.Stats., which provides the following exception to the general venue statute requiring that a defendant be sued in the county of his residence, to-wit:

"14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

The trial court overruled the pleas of privilege and W. L. Pickens and H. H. Coffield have prosecuted this appeal.

There is no question raised as to the location of the land or as to the residence of the parties, and this appeal presents but one question which may be stated as follows: Is this suit such a suit as is described by Subdivision 14, supra?

The nature of this suit is to be determined by a consideration of the allegations of plaintiffs' petition and in no other way. Klein v. Sibley, Tex.Civ.App., 203 S.W.2d 239; Gilbert v. Gilbert, Tex.Civ. App., 195 S.W.2d 930, affirmed 145 Tex. 114, 195 S.W.2d 936.

Appellees' petition herein, including exhibits, covers 63 pages of the transcript. In

their prayer appellees asked for the following relief, to-wit:

"(1) That these Defendants, and each of them, be duly cited to answer this petition.

"(2) That the Defendants file under oath a report as to their assets, together with a financial statement of all the property which they own individually and that they might have in possession belonging to the business operated as the Eastern Drug Company, whether in money, personal property, real property, or mixed.

"(3) That upon such notice as the Court may deem proper, a receiver be appointed by the Court to take over such books, records, property, and business of these Defendants, with ample power to manage, control and operate same for the benefit of this Plaintiff during the pendency of this suit, or until the further order of this Court, with such power and authority as may to the Court appear expedient.

"(4) That the rights of the Plaintiff in all things be adjudicated and established against these Defendants.

"(5) That an accounting be had as between this Plaintiff and these Defendants of all transactions, assets and liabilities of, by and between Eastern Drug Company, W. L. Pickens and H. H. Coffield;

"(6) That all of the books and records and everything pertaining to Eastern Drug Company and the operation thereof be brought into Court.

"(7) That the Defendants file under oath a list of the banks they have done business with and a statement of the various deposits and withdrawals made by them since the beginning and as of the date of the initial contract with this Plaintiff as herein alleged.

"(8) That the Defendants file under oath a statement as to what disposition was made of the assets of Eastern Drug Company after the dissolution thereof.

"(9) That the Defendants file under oath the names of all the companies they have an interest in.

"(10) That this Plaintiff recover his actual damages in the sum of $4,-000,000.00.

"(11) That this Plaintiff have judgment for exemplary damages against the Defendants, W. L. Pickens and H. H. Coffield, in such amount as is permissible under statute and/or common law, to be assessed by the Court or jury.

"(12) That the said substitute trustee's deed and all instruments and proceedings thereunder and in connection therewith, as herein alleged, be adjudged and declared to be void, canceled, rescinded and held for naught.

"(13) That the quit-claim deed as herein alleged be adjudged and declared to be void, canceled, rescinded and in all things held for naught.

"(14) That this Plaintiff have judgment for the title and possession of the lands and premises alleged herein and as described in Paragraph XLIV.

"(15) That this Plaintiff have judgment for the rental value of said lands and premises as hereinbefore alleged.

"(16) That this Plaintiff recover all cost herein expended and have judgment for such other and further relief, both special and general, in law and in equity, that he might show himself to be justly entitled, whether or not expressly prayed for herein."

After reading the petition, we have concluded that it does not show the character and nature of the suit to be one such as is described in Subdivision 14, supra.

It is true that in paragraphs 12, 13 and 14 of the prayer for relief appellees do ask for the cancellation of a trustee's deed and all proceedings in connection therewith, and for the cancellation of a certain quit-claim deed, and that they have judgment for the title and possession of the 6,500 acres of land described in their petition. However,

the nature and character of the suit cannot be determined from the prayer, but must be determined as a matter of law from the allegations of fact set forth in the petition. Lake v. Reid, Tex.Civ.App., 252 S.W.2d 978; Allison v. Yarborough, Tex.Civ.App., 228 S.W.2d 930; Caven v. Hill, 83 Tex. 73, 18 S.W. 323; Griner v. Trevino, Tex.Civ.App., 207 S.W. 947; Garrison v. Stokes, Tex.Civ. App., 151 S.W. 898; Milliken v. Smoot, 64 Tex. 171.

■ Appellees not only fail to show by allegations of fact that they have a present interest in the land, but they actually negative such fact by alleging that appellee De-Witt Langford executed a warranty deed to this land in October, 1948, which deed he does not even ask to be canceled or set aside. The allegation of this outstanding warranty deed destroys appellees' claim of ownership of either the legal or equitable title to the land involved. Tijerina v. Tijerina, Tex. Civ.App., 77 S.W.2d 706; Gilmore v. O'Neil, Tex.Civ.App., 139 S.W. 1162; Hamilton v. Green, Tex.Civ.App., 166 S.W. 97; Cleveland State Bank v. Gardner, Tex.Com.App., 286 S.W. 173; Gulf Production Co. v. Palmer, Tex.Civ.App., 230 S.W. 1017.

■ Appellees contend that this is a suit to impress a constructive trust upon land. Assuming without deciding that a suit of this nature would come within the terms of Subdivision 14, supra, the allegations here involved are insufficient to state such a cause of action. There is nothing to show that at the time the warranty deed was executed the legal title was separated from the equitable title, and without such separation there can be no constructive trust in the land. Wheeler v. Haralson, 128 Tex. 429, 99 S.W.2d 885; McCamey v. Hollister Oil Company, Tex.Civ.App., 241 S.W. 689, affirmed Hollister v. McCamey, 115 Tex. 49, 274 S.W. 562; Lobban v. Wierhauser, Tex. Civ.App., 141 S.W.2d 382; Gates v. Coquat, Tex.Civ.App., 210 S.W.2d 614.

■ At most appellees have asserted only an equitable right as distinguished from an equitable title in the land involved, and a suit based only upon an equitable right does not come within the provisions of Subdivision 14, supra; Stafford v. Stafford, 29 Tex. Civ.App. 73, 71 S.W. 984; Pegues v. Moss, Tex.Civ.App., 140 S.W.2d 461; O'Quinn v. Dunagan, Tex.Civ.App., 227 S.W.2d 366.

■ It is clear here that appellees have brought this suit upon the two contracts attached to their petition and are seeking damages for their breach. Thus appellees have confirmed the contracts and are not seeking to cancel them, which they might have done, but they cannot do both. Uvalde Construction Co. v. Joiner, 132 Tex. 593, 126 S.W.2d 22; Cockburn v. Less, Tex.Civ. App., 257 S.W.2d 470; World Fire & Marine Ins. Co. v. Puckett, Tex.Civ.App., 265 S.W.2d 641; Neal v. Barbee, Tex.Civ.App., 185 S.W. 1059.

The allegations in this petition are wholly insufficient to sustain venue in Zavala County. Miller v. Howell, Tex.Civ. App., 234 S.W.2d 925; Allison v. Yarborough, Tex.Civ.App., 228 S.W.2d 930; Lake v. Reid, Tex.Civ.App., 252 S.W.2d 978.

After considering the entire petition we have no doubt that the main purpose of this suit was not to recover title and possession of the 6,500 acres of land but for damages, based upon the breach of the two contracts attached as exhibits to appellees' petition. However, if we were in doubt it would still be our duty to sustain appellants' pleas of privilege, because before venue could be fixed in Zavala County the allegations would have to show clearly that the main purpose and character of the suit came within the provisions of Subdivision 14, supra. Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969.

The trial court erred in overruling and in not sustaining appellants' pleas of privilege.

Accordingly, the judgment of the trial court is reversed and judgment here rendered ordering this cause transferred to Milam County, Texas, in the manner provided by Rule 89, Texas Rules of Civil Procedure.

Reversed and rendered.