**Nola Mae EDGAR, Appellant,**

v.

**William J. BARTEK, Jr., et ux., Appellees.**

**No. 849.**

Court of Civil Appeals of Texas,
Corpus Christi.

March 29, 1974.

Rehearing Denied April 8, 1974.

---

Jack Haney, Huntsville, for appellant.

Armond G. Schwartz, Hallettsville, for appellees.

## OPINION

BISSETT, Justice.

This is a venue case. William J. Bartek, Jr. and wife, Irene E. Bartek, filed suit in the District Court of DeWitt County, Texas, against Nola Mae Edgar, a widow (the surviving wife and heir at law of Marvin Edgar, Deceased), wherein they prayed that cloud from title be removed from two tracts of land, one situated in DeWitt County and the other in Jackson County. Defendant filed a plea of privilege to be sued in Walker County, where she resided. Plaintiffs, in their controverting plea, invoked Subdivision 14,[1] Article 1995, Vernon's Ann.Civ.St.

Hearing was before the court without a jury. The plea of privilege was overruled insofar as the cause of action with respect to the DeWitt County land is concerned

and was sustained as to the Jackson County land. Defendant has perfected an appeal to this Court from that part of the judgment which overruled her plea of privilege. Plaintiffs did not perfect an appeal as to that part of the judgment which sustained the plea of privilege. We affirm the judgment insofar as the Jackson County land is concerned, and reverse the judgment as to the DeWitt County land. The parties will be referred to as plaintiffs and defendant, as they were in the trial court.

The question to be decided by this Court is whether the suit is for specific performance of an executory contract for the sale of land, or whether it is one to recover equitable title to land or to remove cloud from title to land. We hold that the suit is for specific performance of a contract for the sale of land.

Findings of fact and conclusions of law were neither requested of nor filed by the trial court. No one filed a motion for new trial.

Plaintiff must satisfy two requirements in order to bring a case within the provisions of Subdivision 14: first, the nature of the suit must come within the terms of the exception; second, the land must be situated in the county where suit is filed. Dossey v. Oehler, 359 S.W.2d 624 (Tex.Civ.App.—Eastland 1962, writ ref'd n.r.e.); Stewart v. Whitworth, 453 S.W. 2d 875 (Tex.Civ.App.—Houston 1st Dist. 1970, writ dism'd). The first requirement must be determined from the plaintiff's petition, and the second must be determined from the evidence. Fannin Bank v. Johnson, 432 S.W.2d 138 (Tex.Civ.App.—Houston 1st Dist. 1968, writ dism'd).

The controverting affidavit did not contain any factual allegations relied upon by plaintiffs to sustain venue, the only reference being to the original petition. Therefore, the only facts alleged are those contained in the original petition.

---

1. "Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Plaintiffs alleged in their original petition that defendant and her husband (who was deceased at the time the petition was filed), under a written contract of sale, executed in October, 1971, agreed to sell and convey certain lands in DeWitt County to them for the total sum of $7,327.45, to be paid as follows: 1) the execution and delivery by plaintiffs to defendant (and her husband) of their promissory note in the sum of $3,000.00, to be paid by plaintiffs in monthly installments of $50.00 each; and 2) $4,327.45, being the unpaid balance on a note then due and owing by defendant (and her husband) to Cuero Federal Savings Association, to be paid by plaintiffs to defendant (and her husband) in the monthly installments demanded by the noteholder. The monthly payment required by Cuero Federal was alleged to be $73.00, which included principal and interest on the note, insurance and taxes. Under the contract, attached to and made a part of the petition, defendant (and her husband) agreed to pay to Cuero Federal all sums required by it "for payment of principal, interest, insurance and taxes". Upon the full and final payment of all sums agreed to be paid, defendant (and her husband) were obligated by the contract to convey the DeWitt County land to plaintiffs by general warranty deed.

The petition also contained allegations that "among the insurance policies was a mortgagor's life policy paying the balance due on such note to Cuero Federal" on the death of Marvin Edgar, that plaintiffs paid the premium on said policy as required by the contract, that Marvin Edgar died, and that the Cuero Federal note was fully paid. Plaintiffs next alleged that they called upon defendant "to furnish a release to such premises and have from time to time tendered her the balance due on the $3,000.00 note and requested a release on such property called for under this contract and secured under the $3,000.00 note", but that defendant refused to deliver such "release".

Defendant, in addition to filing a plea of privilege, also filed a general denial and a cross-action, wherein she sought specific performance of the contract by asking that plaintiffs be required to pay to her the outstanding balance due under the contract of sale. Plaintiffs then filed a pleading denominated "plaintiffs' first supplemental petition" in answer to the cross-action, wherein they, too, asked for specific performance of the contract by requiring defendant to execute and deliver to them a deed to the DeWitt County land.

It was stipulated that defendant was a resident of Walker County at the time suit was filed, and that the lands involved in the suit are located in DeWitt County and in Jackson County, but that such lands are not contiguous. The district clerk testified that "twenty-four hundred (dollars) something" had been paid by plaintiffs into the registry of the court for the benefit of defendant. Plaintiffs introduced their original petition and their first supplemental petition into evidence. Defendant offered her plea of privilege into evidence. No other evidence appears in the record.

Plaintiffs, in their second counterpoint, contend that the defendant waived her plea of privilege by filing her cross-action seeking affirmative relief before hearing on the plea of privilege was held. This contention cannot be sustained. While the record shows that the cross-action was filed before there was a hearing on the plea of privilege, the test as to whether defendant waived her plea of privilege is not whether she filed her cross-action before hearing on the plea, but whether she invoked action of the court on the cross-action prior to insisting that her plea of privilege be heard. Here, defendant timely insisted on a hearing on her plea of privilege, and did not invoke action on the cross-action in advance of a hearing on the plea. The cross-action and the issues raised by it were never submitted to the trial court for determination or decision prior to the hearing on the plea of

privilege. The mere filing of the cross-action, even though the privilege of venue is not expressly saved in the plea (as is the case here), does not constitute a waiver of the right to be sued in the county of one's residence. O'Neal v. Texas Bank & Trust Company of Sweetwater, 118 Tex. 133, 11 S.W.2d 791 (1929); Thompson v. O'Donohoe, 482 S.W.2d 711 (Tex.Civ.App. —Waco 1972, n.w.h.); Geary, Hamilton, Brice & Lewis v. Coastal Transport Co., 399 S.W.2d 878 (Tex.Civ.App.—Dallas 1966, n.w.h.); Panther Oil & Grease Mfg. Co. v. Anderson, 138 S.W.2d 561 (Tex.Civ.App.—San Antonio 1940, n.w. h.). Moreover, plaintiffs did not plead or urge waiver of any kind in the trial court by pleading, exception, objection or otherwise. The·cross-action was not introduced in evidence to establish waiver. The assertion that defendant waived her plea of privilege is made for the first time on appeal. We hold that defendant, under the circumstances shown by the record, did not waive her plea of privilege.

We now consider whether or not the trial court erred in overruling defendant's plea of privilege with regard to the De-Witt County land. It was stipulated that the land covered by the contract was located in DeWitt County. In determining venue, it remains for this Court to determine the nature of the suit solely from the facts alleged in plaintiff's petition, the rights asserted, and the relief sought. Renwar Oil Corporation v. Lancaster, 154 Tex. 311, 276 S.W.2d 774 (1955); Shellberg v. Shellberg, 428 S.W.2d 117 (Tex.Civ.App. —Fort Worth 1968, writ dism'd).

■ The ultimate or dominant purpose of the suit determines whether or not a suit falls under Subdivision 14. Morgan v. Box, 449 S.W.2d 499 (Tex.Civ.App.— Dallas 1969, n.w.h.); Texaco, Inc. v. Gideon, 366 S.W.2d 628 (Tex.Civ.App.— Austin 1963, n.w.h.); Wagner v. Pulliam, 361 S.W.2d 470 (Tex.Civ.App.—Eastland 1962, n.w.h.). The nature of plaintiff's action is not determined by the language in the prayer of the petition; the prayer has no bearing on the question of whether the petition shows an action under the provisions of Subdivision 14. Lake v. Reid, 252 S.W.2d 978 (Tex.Civ.App.—Texarkana 1952, n.w.h.); Allison v. Yarborough, 228 S.W.2d 930 (Tex.Civ.App.—Amarillo 1950, n.w.h.).

■ The law is well settled in this State that a suit for specific performance of a contract of sale and purchase of land is not within Subdivision 14 of Article 1995. Smith v. Hall, 147 Tex. 634, 219 S.W.2d 441 (1949); Madeley v. Oualline, 449 S. W.2d 352 (Tex.Civ.App.—Beaumont 1969, n.w.h.). A suit to establish title, i. e., one for specific performance, is not within Subdivision 14. Smith v. Hall, supra; Harwood v. Hunt, 473 S.W.2d 287 (Tex. Civ.App.—Beaumont 1971, n.w.h.). A suit for the recovery of land must aver either a legal or equitable title in the plaintiff. W. B. Johnson Drilling Co. v. Lacy, 336 S.W. 2d 230 (Tex.Civ.App.—Eastland 1960, n.w. h.); O'Quinn v. Dunagan, 227 S.W.2d 366 (Tex.Civ.App.—El Paso 1949, n.w.h.).

■ Our Supreme Court has held that there is a marked difference between an equitable right and an equitable title with regard to contracts for the sale of land, and that a purchaser's equitable right under such contract does not ripen into an equitable title until he has fully performed under the contract. Magee v. Young, 145 Tex. 485, 198 S.W.2d 883 (1947); Johnson v. Wood, 138 Tex. 106, 157 S.W.2d 146 (1941).

■ A suit based only upon an equitable right, such as a suit for specific performance of a contract for the sale of land, as distinguished from a suit to recover the equitable title to land, is not a suit for recovery of land or to quiet title to land within the meaning of Subdivision 14. Pickens v. Langford, 270 S.W.2d 285 (Tex.Civ.App. —San Antonio 1954, n.w.h.); Gates v. Coquat, 210 S.W.2d 614 (Tex.Civ.App.—San Antonio 1948, n.w.h.); Pegues v. Moss, 140 S.W.2d 461 (Tex.Civ.App.—El Paso

1940, writ dism'd by agreement); Texas Farm Mortgage Co. v. Starkey, 25 S.W.2d 229 (Tex.Civ.App.—Waco 1930, n.w.h.).

■ Here, plaintiffs state in their petition that "this is a suit to remove cloud from title to land in DeWitt County". In their brief, it is claimed that this is an action to enforce their "equitable title in and to certain land in DeWitt County, Texas, to remove cloud from title thereon, and to seek specific performance of a contract to convey, all involving land in DeWitt County, and to remove cloud from title to land in Jackson County, Texas". However, the suit is based upon a written contract that is attached to plaintiffs' petition, and it becomes the duty of the trial court and of this Court to look to both the petition and to the contract to determine the nature of the cause of action asserted by plaintiffs. Or to put it differently, when plaintiffs attached a copy of the contract to their petition, the court must look to the contract to see if the interpretation placed thereon by plaintiffs bears out their claimed cause of action. Plaintiffs cannot defeat the true venue of a suit by so pleading their interpretation of the contract as to establish venue in a particular county, if, in fact, their interpretation is erroneous. Humble Oil & Refining Co. v. Monroe, 129 S.W.2d 454 (Tex.Civ.App.—Dallas 1939, n.w.h.).

The classic distinction between an action for the recovery of land and one for the specific performance of a contract to convey land was made by the Supreme Court in Hearst's Heirs v. Kuykendall's Heirs, 16 Tex. 327 (1856). Chief Justice Hemphill, speaking for the Court, said:

" . . . An action for the recovery of lands has a well known and definite signification, and means an action of ejectment, trespass to try title, or a suit to recover the land itself, whereas the object of a suit by vendee, for specific performance, is not the recovery of the land itself, but to enforce a contract for its sale, and the delivery of a deed or title for the land. . . . "

Nowhere do plaintiffs allege in their petition that they own or have equitable title to the DeWitt County land. The only rights asserted by them to that land stem from the contract. The first question to be reached when this case is tried on the merits will be whether the purely fortuitous event of the payment of the mortgage by the insurance company fulfills the plaintiff's obligations to perform under the contract. More specifically, does the payment by the insurance company of the proceeds of the policy on the life of Marvin Edgar to Cuero Federal inure to the benefit of the plaintiffs-purchasers or to the benefit of defendant-seller? That question, however, is not before us in this appeal, and we express no opinion thereon. We particularly refrain from commenting upon that issue in view of its importance upon a trial on the merits.

■ Plaintiffs do not plead that they, themselves, paid the balance due on the Cuero Federal note; they merely allege that this note "was fully paid off and discharged". They do not allege in so many words that they have fully performed under the contract. The implication from plaintiffs' petition is that the payment to the loan company by the insurance company of the balance due on the Cuero Federal note cancelled, as a matter of law, the obligation imposed upon plaintiffs to make any payments thereafter on what was designated in the contract as "the remainder of the purchase price of $4,327.45"; so that, when plaintiffs tendered the balance due on the $3,000.00 note, they were entitled to a deed to the DeWitt County land and to a release of the mortgage on the Jackson County land.

The cause of action asserted by plaintiffs, as determined by the petition and contract attached thereto, is essentially one for specific performance of the contract to convey the DeWitt County land to them. At best, plaintiffs' pleadings do no more than allege an equitable right to have the land conveyed to them. They do not plead any facts that establish a present equitable

title in them to the DeWitt County land. Defendant's point of error is sustained.

■ Plaintiffs, as appellees, have advanced a cross-point wherein they complain of that part of the judgment which transferred their cause of action relating to the Jackson County land to Walker County. We have some doubt as to whether this Court has jurisdiction to pass on the point of error sought to be presented by plaintiffs, since they did not perfect an independent appeal from that part of the judgment which they now attack. Where an appellant brings up an entire judgment for review an appellee is entitled to file cross-points which the court will consider. Graham & Locke Investments v. Madison, 295 S.W.2d 234, 242 (Tex.Civ.App.—Dallas 1956, writ ref'd n.r.e.); Mid-Tex Development Co. v. McJunkin, 369 S.W.2d 788, 790 (Tex.Civ.App.—Dallas 1963, n.w.h.). But the rule is different in cases where an appellant limits his appeal to only part of a judgment which is otherwise severable. Our Supreme Court in Dallas Electric Supply Co. v. Branum Co., 143 Tex. 366, 185 S.W.2d 427 (1945), laid down the rule:

" . . . if a judgment is severable, the appellant may appeal from a part only thereof, and when that is done the appellee will not be heard to complain of any matters falling wholly within the portion of the judgment not brought up for review by appellants. . . . "

In the instant case, defendant, as appellant, appealed only from a part of the judgment; therefore, if the judgment rendered is severable, plaintiffs, as appellees to the part of the judgment brought up by defendant on appeal, will not be heard to complain of any matters falling wholly within the part of the judgment not brought up for review by defendant.

■ Where the lands involved in the suit are non-contiguous and are located in two different counties, a plaintiff, in order to hold venue in the county of suit as to the land outside of that county, must prove: 1) that one of the tracts was in the county of suit; 2) that the claim of title is identical as to all tracts involved, and 3) that adjudication of title to the land in the county of suit will be determinative of title to the land in the other county. Boyd v. Hogue, 224 S.W.2d 301 (Tex.Civ.App. — Amarillo 1949, n.w.h.). When the plaintiff fails to meet that burden of proof, the lawsuit is, in effect, severed. The original suit will proceed in the county of suit as to land located there, and the suit as to land located outside the county of suit is properly transferred to the county of defendant's residence. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69, 73 (1945); Atwell v. Talk, 202 S.W.2d 314, 317 (Tex. Civ.App.—Austin 1947, n.w.h.).

■ We conclude that the judgment rendered on the plea of privilege is severable. The scope of this appeal is limited to that portion of the judgment complained of by defendant. The attempted appeal by plaintiffs from that part of the judgment which transferred the cause of action concerning the Jackson County land to Walker County is dismissed for want of jurisdiction.

■ If, however, we do have jurisdiction of plaintiffs' purported appeal, then the cross-point is overruled. Plaintiffs did not allege that they owned any present interest, legal or equitable, in the Jackson County land, nor did they meet their burden of proof with respect to venue of their asserted action concerning the Jackson County land. While they did prove that part of the land involved in the suit is located in DeWitt County and part in Jackson County, there is no proof (and no allegation) that the claim of title to the land in Jackson County is identical to the claim of title to the DeWitt County land, or that an adjudication of title to the land in DeWitt County will be determinative of title to the Jackson County land. And, since venue cannot be maintained in DeWitt County as to the action relating to the DeWitt County land under Subdivision 14,

it necessarily follows that venue cannot be maintained in DeWitt County as to the Jackson County land under that subdivision.

The judgment of the trial court is affirmed insofar as it sustained defendant's plea of privilege as to the cause of action pertaining to the land located in Jackson County, Texas, but the judgment is reversed insofar as it overruled defendant's plea of privilege as to the cause of action relating to the land located in DeWitt County, Texas, and judgment is here rendered that the venue of the cause of action as to the DeWitt County land be transferred to the district court of Walker County, Texas. The judgment of the trial court which taxed the costs one-half (½) to plaintiffs and one-half (½) to defendant is also reversed, and judgment is here rendered that all costs, both in the trial court and in this Court, be taxed against plaintiffs.

Affirmed in part and reversed and rendered in part.