### STEWARD A. MILLER, ADM'R, v. THOMAS J. RUSK.

A plea in abatement to a suit for the specific performance of a contract to convey land, brought in the County where the land lay, was sustained on the ground that it ought to have been instituted in the county where the defendant resided.

Appeal from Henderson.    Tried below before the Hon. John H. Reagan.

Suit by appellant against appellee on a bond for title to land lying in Henderson County.  The petition alleged the residence of defendant to be in Nacogdoches County.  Defendant pleaded in abatement, that he was entitled to be sued in Nacogdoches County.  The plea was not sworn to ; but no objection was made to it on that ground.  Exceptions to the plea were overruled, and the suit abated.

*S. A. Miller*, for appellant, cited Kinney v. McLeod, 9 Tex. R. 78 ; Bryan v. Jackson, 11 Id. 392.

*R. A. Reeves*, for appellee, cited Hart. Dig. Art. 667 ; Chit. Pl. 267, 268, 270 ; Massie v. Watts, 6 Cranch, 148.

WHEELER, J.  It is the right of the defendant to be sued in the county of his residence, subject only to the exceptions enumerated in the Statute.  (Hart. Dig. Art. 667.)  The exception, which is relied on to take the present case out of the operation of the general rule, is the last in the enumeration of exceptions in the Statute, and is thus expressed : " in cases where the recovery of land, or damages thereto, is the object of the suit, in which cases suit must be instituted where the land or a part thereof is situated."

Miller v. Rusk.

Is the present case within the exception ? We think clearly not. It is not a suit, the " object " of which is the " the recovery of land, or damages thereto." But it is a suit to compel the specific execution of a contract to convey, or make title to land ; without reference to the possession, or injury to the possession or estate. By a decree for title, or the execution of a valid legal conveyance, the sole object of the suit will have been consummated. It looks to nothing beyond the specific performance of a contract to make title ; and manifestly has not, for its object, either the recovery of land, or damages thereto.

It is not doubted that a suit might have the twofold object of the specific performance of a contract to convey, and also the recovery of the possession of land and mesne profits, or damages. But that is not this case. And it is very clear, a defendant cannot be compelled to answer in a county other than that of his residence, under this exception in the Statute, when the sole object of the suit, as to him, is a decree for specific performance ; though there were other defendants, against whom the plaintiff sought a recovery for an injury to the possession or estate.

The " recovery of land " manifestly has reference to the possession ; and " damages thereto," as manifestly has reference to an injury to the possession, or to the freehold or estate ; and not, as the argument of the appellant assumes, damages for the breach of the contract to make title. Where the latter is the object, the suit is merely personal ; the recovery operates *in personam*, fixing only the personal liability of the party contracting, not affecting the right of property or possession of the land contracted to be conveyed, and must be brought in the county of the defendant's residence. So in the present case, a decree would operate only a conveyance of the legal title ; and should be binding upon the defendant personally to the extent of the obligation of his contract. It would not affect the possession of the land. And, in the case sup-

posed by counsel, of the inability of the defendant to make title, and a consequent recovery in damages, it would not be for damages to land in any sense, but damages for the breach of contract ; and there would be the same necessity to sue in the county of defendant's residence as in any other case of a suit for the breach of contract. Where the suit is upon the contract, whether it be to compel the specific performance of it, or to recover damages for its breach, it is not a suit for the "recovery of land or damages thereto," and consequently is not within the exception and rule of the Statute, which requires the suit to be brought in the county where the land lies, though it be not the county of the defendant's residence.

It is not perceived that there is really any more foundation in the principle, for holding that the case is within the exception, and that suit must be brought in the county where the land lies, where it is for the specific performance, than where it is for the rescission of a contract for the sale of land ; and in the latter case we have heretofore decided, that it is not within the exception. (Morris v. Runnells, 12 Tex. R. 175.) In an analogous case, lately decided at Galveston, the same opinion was maintained as to the scope and extent of the exception. (Hearst v. Kuykendall, 16 Tex. R. 327.) The Court did not err in sustaining the plea to the jurisdiction, and the judgment is affirmed.

Judgment affirmed.