### HAMILL v. AGEY. (No. 8133.)

Court of Civil Appeals of Texas. San Antonio. Jan. 30, 1929.

Rehearing Denied March 6, 1929.

E. T. Yates, of Brownsville, for appellant.
H. B. Galbraith, of Brownsville, for appellee.

FLY, C. J. Appellant alleged in his petition that he resided in Cameron county, and appellee resided in Potter county, that on or about April 1, 1928, appellee owned block 55, of El Jardin subdivision, better described as Banco No. 88, as made by International Boundary Commission of Mexico and the United States, in Cameron county, and appellant wrote appellee that he had been informed that the land was about to be sold for taxes and offered $500 and the taxes for the land. Appellee wrote appellant that he would take $1,000 for the land, appellant to pay all taxes due on the land. Appellant prepared a deed

and sent it to appellee by mail, but appellee then refused to execute the deed. Appellant sought specific performance of the contract evidenced by the letter. Appellee pleaded his privilege to be sued in Potter county and his plea was sustained. From that order this appeal has been perfected.

The following was agreed to as a true statement of the facts:

"On May 19th, 1928, the defendant was a resident of Potter County, Texas, and has been a resident of that county ever since; that the Plaintiff E. C. Hamill was on said date a resident of Cameron County, Texas, and has been such resident ever since.

"On said date of May 19th, 1928, the defendant owned in fee simple title Banco No. 88, designated as Block No. 55 of the E. S. Hunt, et al., Subdivision, in Cameron County, Texas; that on said date there were no incumbrances on said property and no liens, except tax liens. A contract lien in favor of Nelson Loan Company had been legally released, but the release had not been filed for record in Cameron County, Texas, and the defendant W. M. Agey did not know that this lien had been released on May 27th, 1928.

"On May 19, 1928, the plaintiff E. C. Hamill wrote defendant W. M. Agey, as follows:

"'May 19, 1928.

"'Mr. W. M. Agey, East King Street, Tulsa, Oklahoma.

"'Dear Mr. Agey: By the record I see you own Block 55 in El Jardine District. 51.85 acres, which is advertised for sale for taxes amounting to $100.00.

"'A party here is willing to pay $500.00 and pay the taxes, if you wish to sell it, and you furnish the deed and abstract. Kindly let me know at once if you will accept this proposition. I will charge you five (5%) per cent. commission. Hoping for a prompt reply, I remain,

"'Yours truly,          E. C. Hamill.

"'Inclosed please find self-addressed envelop and stamp. 1316 Elizabeth Street, Brownsville, Texas.'

"Said letter was forwarded to defendant, who received same at Amarillo, Potter county, Tex. On May 27, 1928, defendant from Potter county wrote plaintiff as follows:

"'Mr. E. C. Hamill, 1316 Elizabeth St., Brownsville, Texas.

"'Dear Sir: Your letter received regarding property being sold for taxes.

"'The amount of taxes are $137.00, or something like that. As to the irrigation taxes and drainage taxes, we requested them to drain that portion of the tract, but they did not do so, so we cannot see why we should pay such taxes, as we received no benefit whatever.

"'If you wish to pay me one thousand dol-

lars for my interest in this tract, I will accept it.

"'Yours truly,      W. M. Agey.'

"This letter was received by plaintiff at Brownsville, Texas.

"The plaintiff by his attorney, on May 31, 1928, wrote defendant as follows:

"'Mr. W. M. Agey, 106 Cheyenne Roads, Amarillo, Texas.

"'Dear Sir: Mr. E. C. Hamill has turned over to us your letter of May 27, and requested us to forward to you proper deed to your property, and to suggest that you send deed with draft for one thousand ($1,000.00) dollars, and the abstract, on your property, to the Merchant's National Bank of this city, with the instruction to the bank here to permit examination of the deed and abstract, and to allow thirty days, if needed, within which to examine the abstract.

"'As soon as abstract has been passed upon, if there are no incumbrances other than taxes, Mr. Hamill will take up the deed and pay the draft.

"'We are uncertain as to whether you are married, and for that reason we have drawn the deed W. M. Agey and wife, ———. In case you are not married, merely draw lines through the portion and wife ——— Agey, and write above it, a single man.

"'As soon as the abstract and deed reaches the bank here we will examine the abstract and see that Mr. Hamill takes the deed up within thirty days.

"'Yours very truly,

"'Davenport, West and Ransome,

"'By R. J. Ransome.'

"The above letter was mailed at Brownsville, Texas, by plaintiff and received by defendant at Amarillo, Texas."

It may appear from the last letter, written by attorneys for appellant, that he desired to have the deed executed in Potter county, and sent to a bank in Cameron county; but there cannot be found in the agreed facts one word binding appellee to perform any part of the contract in Cameron county. He at no time agreed to send the deed to Cameron county and have the money paid to him there, and it can readily be surmised that he preferred placing the deed in escrow in a bank in Amarillo and receiving the purchase money there. However that may be, he at no time agreed to perform any act in connection with the sale of land in Cameron county.

Appellee's offer to appellant was: "If you wish to pay me one thousand dollars for my interest in this tract, I will accept it." Where was the money to be paid and the deed executed? Appellee did not state where the money was to be paid or the deed delivered. When appellant replied to the $1,000 offer, he wanted the deed sent to a certain bank in Cameron county, together with an abstract, and sought 30 days in which to examine the abstract, and made his acceptance of the deed upon no other incumbrance than the taxes, then the draft sent with the deed would be paid. Appellee did not agree to this last proposal. He did not agree to send the deed to Cameron county and did not agree to accept the purchase money there.

The judgment is affirmed.