## TEXAS FARM MORTG. CO. v. STARKEY et al.

### No. 910.

Court of Civil Appeals of Texas. Waco.
Feb. 20, 1930.

Wear, Stollenwerck & Wear, of Hillsboro, and S. W. Marshall, of Dallas, for appellant.

Frazier & Averitte, of Hillsboro, for appellees.

GALLAGHER, C. J.

This is an appeal by Texas Farm Mortgage Company, a corporation, from a judgment overruling its plea of privilege to be sued on the cause of action asserted herein in Dallas county, where it has its domicile. This suit was filed by appellees H. B. Starkey and J. A. Harper against appellant upon a contractual receipt in writing, dated June 4, 1929, signed by appellant alone, for the sale by it and purchase by appellees of 60 acres of land situated in Hill county, Tex. Said writing acknowledged the receipt of the sum of $250 cash to be applied on the purchase price of said land, and recited that the remainder of the consideration was to be paid when abstract and deed to said land were delivered to the Texas Bank & Trust Company at Austin. The final sentence in said writing is as follows: "It is agreed that Messrs. Harper and Starkey may take immediate possession of said 60 acres." Appellees pleaded said writing in hæc verba. They further alleged that appellant failed to comply with the obligations imposed upon it thereby and failed to deliver abstract and deed to said bank at Austin, but nevertheless retained said initial cash payment of $250 until June 15, 1929, at which time it attempted to rescind said trade and offered to return said money, and that appellees refused to agree to such rescission and declined to accept a return of said money. Appellees further alleged that said property had become very valuable by reason of the discovery of oil in close proximity thereto. They prayed for judgment for the title and possession of said land, and requiring appellant to perform its agreement and accept the balance of the purchase money due thereon. They further prayed, in event appellant was unable to convey to them a good title to said land, for damages in the sum of $20,000.

Appellant filed its plea of privilege in due form, in which it alleged that said suit was for specific performance of an agreement for the conveyance of land, and in the alternative for damages, and that it resided and had its principal office in Dallas county. Said plea properly negatived the existence of any of the statutory exceptions authorizing the maintenance of this suit in any county other than the county of its residence.

Appellees filed a controverting affidavit, in which they alleged that the cause of action asserted by them was based upon a contract between them and appellant, by the terms of which appellant sold and became obligated and bound to convey to them the title to certain real estate situated in Hill county, Tex., and to deliver possession thereof to them and to permit them to enter upon, possess, use, and enjoy the same. They further alleged that appellant was a corporation and that by reason of its failure and refusal to perform its obligations under said contract, a part of the cause of action sued on arose in Hill county.

A hearing was had before the court on the issue of venue alone, at which hearing appellant's plea of privilege was overruled.

### Opinion.

Appellant assigns as error the action of the court in overruling said plea of privilege. Appellant contends, by appropriate propositions germane thereto, that the cause of action asserted by appellees in this case is for the enforcement by specific performance of a contract for the purchase by them of the land involved and the sale and conveyance of the same to them by appellant, and that venue in suits for specific performance cannot be maintained solely upon the ground that the land involved is situated in the county in which such suit is brought. Appellees, however, contend by a counter proposition that the cause of action asserted by them in this case is for the recovery of real estate, and that venue of their suit was properly laid in Hill county because the land involved was situated therein. The nature of appellees' cause of action must, of course, be determined from the allegations of their petition. Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328; Grogan-Cochran Lumber Co. v. McWhorter (Tex. Civ. App.) 15 S.W.(2d) 126, 128, par. 4; Wood v. Tandy (Tex. Civ. App.) 299 S. W. 282, 284, pars. 1 and 2. Appellees' petition does not purport to be in form of trespass to try title. It contains none of the formal allegations usually made in such cases. The material facts alleged are the making of the contract and appellant's breach thereof. No right nor title in or to the land involved, other than the rights acquired by them under and by virtue of the provisions of said contract, is alleged. It is true appellees pray "for judgment for the title and possession of said land," but the same is merely the initial clause of a comprehensive prayer for specific performance of said contract by

requiring appellant to convey said land to them, or in the alternative for damages if such performance should be found impossible. We think therefore that the cause of action asserted by appellees is essentially one for specific performance by appellant of its contract to convey said land to them. Any other construction would, we think, be in conflict with the case of Cavin v. Hill, 83 Tex. 73, 76, 18 S. W. 323, 324. The courts of this state are apparently unanimous in holding that in suits for specific performance of contracts to convey real estate, venue cannot be maintained in the county in which suit is brought solely on the ground that the land involved is situated therein. Cavin v. Hill, supra; Hearst v. Kuykendall, 16 Tex. 327 et seq.; Miller v. Rusk, 17 Tex. 170, 171, 172; Lucas v. Patton, 49 Tex. Civ. App. 62, 107 S. W. 1143, 1146; Burkitt v. Wynne, 62 Tex. Civ. App. 560, 132 S. W. 816, 821 (writ refused); Garrison v. Stokes (Tex. Civ. App.) 151 S. W. 898, 899; Ballard v. Ellerd (Tex. Civ. App.) 199 S. W. 305, 307 (writ refused); Kinkead v. Clark (Tex. Civ. App.) 239 S. W. 717, 718, 719; Humphreys v. Young (Tex. Civ. App.) 293 S. W. 655, 657, par. 3; Hamill v. Agey (Tex. Civ. App.) 14 S.W.(2d) 126, 127.

 Appellees by a further counter proposition contend that the action of the trial court in overruling appellant's plea of privilege was proper on the ground that a part of the cause of action asserted by them arose in Hill county. Appellant being a corporation, venue in Hill county could be maintained on such ground. Revised Statutes, article 1995, subdivision 23. A cause of action, within the meaning of said subdivision, may be regarded as composed of two elements, the primary right of the plaintiff and the act or omission of the defendant, without which no cause of action or right of recovery against him exists. Graves v. McCollum & Lewis (Tex. Civ. App.) 193 S. W. 217, 218, par. 3; 40 Cyc., page 82. The contract sued on in this case constituted the basis of appellant's rights in the premises. There is no contention that said contract was executed or delivered in Hill county. On the contrary, there were circumstances in evidence strongly tending to show that it was executed in Dallas. Said contract bound appellant to deliver abstract and deed conveying said land to a bank in Austin. The breach of such obligation by appellant constituted the act or omission upon which appellees based their cause of action or right to recover. Such breach occurred in Travis and not in Hill county. Appellees stress that sentence of the contract hereinbefore set out, by the terms of which appellant agreed that appellees might take immediate possession of said land. Said sentence granted a right which appellees were free to exercise. Appellees in their controverting affidavit alleged in general terms a failure on the part of appellant to perform its obligations under said contract, but they did not allege that they attempted to take possession of said land or that they were in any way impeded or prevented by appellant from doing so. There is no proof whatever that they ever attempted to exercise such right, nor that they were prevented from doing so by appellant. No overt act or omission on appellant's part in this connection is shown. The burden was on appellees to show by affirmative evidence some such act or omission. World Company v. Dow, 116 Tex. 146, 287 S. W. 241, 242, par. 1. Having failed to do so, they failed to show that any part of the cause of action asserted by them arose in Hill county.

Appellant's contention is sustained, and appellees' contentions are overruled. The judgment of the trial court is reversed, and the cause is remanded, with instructions to transfer the same to some court of competent jurisdiction in Dallas county.