**BACHMAN et ux. v. NEAL et al.**

No. 14624.

Court of Civil Appeals of Texas. Fort Worth.

April 28, 1944.

Rehearing Denied May 26, 1944.

O'Connor & Douglass, of Dallas, for appellant.

Will R. Saunders, of Dallas, Attorney for appellees, Zela Neal and Abbie Taylor Currie McCutcheon and George W. Allison, both of Dallas, attorneys for appellee, Lawyers Lloyds of Texas, for appellees.

BROWN, Justice.

We are first confronted with a motion to dismiss the appeal because of the insufficiency of the supersedeas bond.

There is no alternative prayer to require a good and sufficient bond in the event the bond filed is found insufficient by this court.

This is a suit for specific performance. No other relief is sought, and the subject matter of the contract is real property.

Judgment was rendered requiring the defendants below to specifically perform the contract of sale made with the plaintiff. The defendants gave notice of appeal, requested the trial court to fix the amount of the supersedeas bond, which was by order of the court fixed at the sum of $1800, and the bond was made in substance (including quotations) as follows:

Whereas the named plaintiff recovered judgment against the named defendants ordering them to make to plaintiff title to the real estate involved in the suit, and adjudged all costs against such defendants, and they have taken an appeal from such judgment, "Now, therefore, we, J. B. Bachman and Edna Bachman, as principals, and the other names which appear hereon as sureties acknowledge ourselves bound to pay to the said Zela Neal, appellee, the sum of Eighteen Hundred ($1800.00) Dollars, conditioned that such appellants shall prosecute their appeal with effect, and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against them, they shall perform its judgment, sentence or decree and shall pay all such damages as said Court may award against them, and they further agree that in case the judgment is affirmed shall pay to the appellee, the said Zela Neal, the value of the rent or the hire of such property in any suit which may be brought therefor."

Rule 364 supersedes and takes the place of Articles 2270 and 2271 of the Civil Statutes, which were repealed in the Act carrying into effect the New Rules of Civil Procedure, and such Rule deals with supersedeas bonds. This Rule contains five (5) subdivisions or paragraphs which are designated a, b, c, d, and e, respectively.

Subdivision (a) sets forth the terms of the bond when there was a money judgment awarded. No money judgment was awarded in the case before us and such portion of the Rule does not apply.

Subdivisions (b) and (c) set forth the terms of the bond when (b) "the judgment is for the recovery of land or other property", and (c) "where the judgment is for the recovery of or foreclosure upon real estate," and the party appealing desires to supersede the judgment insofar as it decrees the recovery of or foreclosure against the specific real estate involved.

The instant case does not come within either of these subdivisions.

Subdivision (d) has to do with supersedeas bonds where the judgment is for the recovery of or foreclosure upon specific personal property, and it cannot apply here.

This brings us to the last portion of the Rule, namely, Subdivision (e), which provides: "Where the judgment is for other than money or property or foreclosure, the bond shall be in such amount to be fixed by the court below as will secure the plaintiff in judgment in any loss or damage occasioned by the delay on appeal."

This is the portion of the Rule that, in our opinion, applies to the case at bar.

In Vol. 38, Tex.Juri., page 742, para. 65, it is said that a suit for specific performance of a contract to sell land is not one for the recovery of land. The text cites: Miller v. Rusk, 17 Tex. 170; Hearst's Heirs v. Kuykendall's Heirs, 16

Tex. 327; Hooser v. Forbes, Tex.Civ.App., 33 S.W.2d 550; Texas Farm Mortgage Co. v. Starkey, Tex.Civ.App., 25 S.W.2d 229, and Starkey v. Texas Farm Mortgage Co., Tex.Civ.App., 45 S.W.2d 999; Hamill v. Agey, Tex.Civ.App., 14 S.W.2d 126; Burkitt v. Wynne, 62 Tex.Civ.App. 560, · 132 S.W. 816, error refused; and Lucas v. Patton, 49 Tex.Civ.App. 62, 107 S.W. 1143.

We are of opinion that the bond is insufficient as a supersedeas bond but that it is sufficient as a cost bond, and the motion being solely one to dismiss the appeal, we feel constrained to deny the motion. It is overruled.

As to the merits of the appeal, it is found that appellants filed an amended answer and cross-action in which they brought into the case Lawyers Lloyds of Texas, and a Mrs. Abbie Taylor, against whom the defendants sought relief in the form of money damage.

The allegations in this pleading are in effect that a fraud was practiced on the defendants, in that Mrs. Abbie Taylor was the real purchaser and that the property was being bought in the name of the plaintiff in order to cover up the transaction and for the purpose of swindling Abbie Taylor's husband by using funds of which he was community owner in the purchase of the property. These allegations are then followed by: "That since this suit has been filed the said Abbie Taylor and her husband, the said Bland Taylor, have procured a divorce and that among their property settlement the money involved in the purchase price of the property in question was agreed to belong to the Taylors. That the said Abbie Taylor is and was the moving cause in this case and is the instigator of same and is in fact the real party and by virtue of the fact that these defendants have been deprived of the use and benefit of their home she is indebted to them in the sum of $1000.00, by reason of the fact that this is the value of the use of said property they have been deprived of to date."

It is seen that the cross-action, up to this point, is for damages against Abbie Taylor because of the alleged fraud perpetrated on defendants.

The pleading next alleges that when the plaintiff filed this suit she caused an injunction to be issued "upon these defendants among other things restraining them from occupying their homestead, and that by reason of the said Lawyers Lloyds of Texas signing the injunction bond as a surety has become bound and obligated to these defendants in the sum of actual damages in the sum of $1000.00, and ˙ exemplary damages in the sum of $10,000.00. That said company well knew that the whole set up was a frame up or should have known it and by virtue of its action in the premises they have been damaged in the amounts as set out above of which it is liable to them as well as the said Abbie Taylor".

The prayer is for citation to the two named cross-defendants and for "judgment against the plaintiff and the other parties herein for their actual damages, etc."

The plaintiff and both cross-defendants urged special exceptions to such cross-action.

We find one order in the transcript that touches this phase of the case—an order of the trial court sustaining the special exceptions urged by Lawyers Lloyds of Texas and dismissing the cross-action "as against Lawyers Lloyds of Texas, without prejudice".

The record discloses no exception to such action of the trial court.

The orders of the trial court sustaining the special exceptions of Zela Neal and Abbie Taylor to the amended answer and cross-action are brought forward and exceptions shown; but it also appears that the Bachmans made no effort to and did not request the right to file an amended pleading. They rested their right to relief on the amended answer and cross-action as they first pleaded it.

The Bachmans were permitted to read that portion of their prayer against the plaintiff that she take nothing by her suit and be denied any relief. Counsel for the Bachmans excepted to the trial court's ruling.

The trial court gave a peremptory instruction in favor of the plaintiff, and judgment for specific performance followed.

In the appeal the Bachmans present eight (8) points.

The first is, in substance, that the trial court erred in striking out paragraph four (4) of appellants' answer in which they allege that the sales contract was obtained through fraud, and this being

a suit in equity, the contract is not enforceable.

There is no merit in the contention because no fraud that could affect the sellers is alleged. The mere fact that the real purchaser is some person other than the one named in the sales contract presents no issue of fraud as against the seller, who is interested in obtaining the purchase price agreed upon.

But a further answer to the contention is that appellants' pleading specifically averred facts showing that the very matters on which the allegations of fraud are bottomed had been amicably settled between the interested parties.

■ The second point is, in substance, that the trial court erred in striking out appellants' entire cross-action because "if any one or more of the allegations stated a ground of defense and there was at least one ground of defense in their pleading in this in that they alleged that the property involved was their homestead". ·

In the first place, we observe that in no part of the stricken pleading was it attempted to be alleged that the defendants refused to carry out the sales contract because it was the homestead of the sellers.

Such a defense, had it been pleaded, would have given the purchaser the right to seek, in the alternative, damages against the husband on his contract of sale.

The only time that the word "homestead" was used in the answer and cross-action was in connection with the recovery of damages for the denial of its use by appellants.

The issue of "homestead" as a defense to the cause of action brought by the plaintiff was not raised nor was it attempted to be raised in· appellants' pleadings.

■ The third point complains of the trial court refusing to permit appellants to cross-examine the plaintiff on the issue of why appellants had refused to perform the contract of sale because had the trial court permitted such cross-examination, appellants, on rebuttal, could have made an issue that the contract was obtained by fraud.

No merit appears in this contention as no fraud was alleged.

■ The fourth point complains that the trial court erred in refusing to permit appellants to cross-examine the plaintiff because it could have been developed by such cross-examination that the property was appellants' homestead. There being no plea of homestead as a defense the evidence would have been wholly immaterial and irrelevant to any issue in the case.

■ The fifth point contends that the sales contract discloses that appellant, Edna Bachman, was the wife of appellant, J. B. Bachman, and that it puts the world on notice that the property involved was either the separate property of the wife or that it was a homestead, and therefore there being a general denial and the homestead question in the case, the trial court could have ascertained that it was in fact their homestead.

We see no merit in the contention and what we have said above answers the point.

Let us note here that we have read the entire statement of facts, which includes the testimony sought to be elicited and denied admission by the trial court, and that nowhere did either Mrs. Bachman or Mr. Bachman ever attempt to testify that they or either of them declined to perform the contract of sale because the property was their homestead.· On the other hand, their entire testimony offered in defense of plaintiffs' suit is bottomed on the alleged and supposed "fraud" perpetrated on them, and which induced them to execute the contract.

■ The sixth point complains of the refusal of the trial court to permit the appellants to bring out on cross-examination of the plaintiff the fact that Abbie Taylor was present when the contract of sale was made, and that it could have been shown that Abbie Taylor was a party to and liable for the fraud perpetrated.

No fraud having been alleged, or attempted to be alleged, there is no merit in the point.

The seventh point complains of the trial court having sustained Abbie Taylor's exception to appellants' cross-action, because she was a party to whatever fraud was pleaded or shown and was therefore liable to appellants in damages.

What we have said above answers this point.

■ The eighth and last point contends that "the trial court erred in sustaining all of Lawyers Lloyds of Texas' exceptions and dismissing it from the case."

In the first place, appellants reserved no exception to the order of the court and there is no assignment of error for us to

consider; but if we consider the point, there is no merit in it.

Finding no error, the judgment is affirmed.