**W. W. HICKS et ux., Appellants,**

**v.**

**O. L. HICKS, Appellee.**

**No. 3990.**

Court of Civil Appeals of Texas.

Eastland.

Sept. 10, 1965.

Rehearing Denied Oct. 29, 1965.

John A. Menefee, Rankin, for appellants.

Bradbury, Tippen, Brown & Clement and Bryan Bradbury, Abilene, for appellee.

GRISSOM, Chief Justice.

O. L. Hicks sued W. W. Hicks and wife in Taylor County. The defendants filed pleas of privilege to be sued in Upton County, where they reside. Their pleas of privilege were overruled and they have appealed.

The pleas of privilege were overruled upon the theory that plaintiff's suit was for the recovery of lands or damage thereto within the meaning of exception 14, Article 1995, Vernon's Ann.Civ.St. It was brought in the county in which the land in controversy is located. The precise question presented is whether plaintiff's petition and controverting affidavit show that this is a suit for the recovery of land or damage

thereto within the meaning of said exception to the venue statute. The plaintiff, O. L. Hicks, who is the appellee here, alleged he was the father of W. W. Hicks and, because of that relationship, they entered into an agreement that the land in question would be purchased by and title taken in the name of the defendants but that the plaintiff would be permitted to pay the defendants the $3,000.00 which they had paid for the land and when and if the plaintiff paid the $3,000.00 to the defendants they would then convey the land to the plaintiff. Plaintiff alleged he had paid most of the $3,000.00 to the defendants but they refused to execute a deed to him and were claiming title to the land. Plaintiff prayed for a judgment impressing a constructive trust on the land and adjudging title and possession to the plaintiff. Plaintiff filed a controverting affidavit in which he alleged that the District Court of Taylor County had venue under exception 14, Article 1995, because the cause of action alleged by the plaintiff was based upon an agreement that the defendants would take title to the land and when plaintiff paid them $3,000.00 they would then convey it to him. The allegations in the controverting affidavit end with the erroneous legal conclusion that the cause of action asserted is for the recovery of land. Plaintiff contends defendants took title in trust although the facts alleged show that was no agreement to take title in plaintiff's name, or jointly with him and defendants, and that plaintiff paid no part of the purchase price. A constructive trust arose, if at all, at the time of the conveyance. Cohrs v. Scott, 161 Tex. 111, 338 S.W.2d 127, 130; Morrison v. Farmer, 147 Tex. 122, 213 S. W.2d 813.

■ In Calvert v. Greene, Tex.Civ.App., 326 S.W.2d 592, under a materially different state of facts, the court laid down the rule applicable here when it said:

"In determining the question of whether this case is a suit for title to real estate, or one for breach of a contract for the conveyance of real estate, or a suit for specific performance, the test is whether the agreement alleged was one in which title was to be taken in the names of both plaintiff and defendants, or was one in which title was to be taken in the names of defendants, and they in turn agreed to convey an interest therein to plaintiff. In the first case the agreement vests a present interest in the title to land in plaintiff, and is a suit for land, within the provisions of Subd. 14, Art. 1995, Vernon's Ann.Civ.Stats. In the second case it is a suit for breach of contract or specific performance and may not be maintained in the county in which the land is situated, under such subdivision."

In Smith v. Hall, 147 Tex. 634, 219 S.W. 2d 441, our Supreme Court said that assuming the agreement alleged was a contract to convey land, nevertheless, the case did not come within exception 14 of Article 1995. It further said:

"The decisions of this court for many years have been uniformly to the effect that a suit for specific performance of a contract to convey an interest in land, or for damages for breach of such contract, does not come under the provisions of the venue statutes relating to suits for the recovery of lands or damages thereto. Hearst's Heirs v. Kuykendall's Heirs, 16 Tex. 327; Miller v. Rusk, 17 Tex. 170; Cavin v. Hill, 83 Tex. 73, 18 S.W. 323. In Miller v. Rusk, supra, the court said, 17 Tex. at page 172:

'Where the suit is upon the contract, whether it be to compel the specific performance of it, or to recover damages for its breach, it is not a suit for the "recovery of land or damages thereto," and consequently is not within the exception and rule of the Statute, which requires the suit to be brought in the county where the land

lies, though it be not the county of the defendant's residence.' "

(See also Milburn v. Minette, Tex.Civ.App., 278 S.W.2d 269.)

Plaintiff alleged in effect that when the defendants purchased the realty in controversy and paid $3,000.00 for it that defendants orally agreed to convey the land to plaintiff when and if he paid them the $3,000.00 they had paid for the land. This suit is simply an attempt to enforce an oral contract to convey realty. It was not alleged that plaintiff paid any part of the purchase price. The suit is to compel performance of said contract. It is not a suit for the recovery of land or damage thereto within the meaning of exception 14, Article 1995.

The judgment is reversed and the case is ordered transferred to Upton County.