**J. Dan HARVEY, M.D., and J. Dan Harvey, M.D., P.A., Appellants,**

v.

**Dorothy Louise STANLEY, Glenda Jean Briscoe, William Allen Stanley, Jr., Rhonda Athey, and Janice Gillman, Appellees.**

No. 2-89-091-CV.

Court of Appeals of Texas, Fort Worth.

Sept. 28, 1989.

Richard U. Simon, McLean, Sanders, Price, Head & Ellis, Fort Worth, R. Brent Cooper, Michael W. Huddleston, Cowles & Thompson, Dallas, for appellants.

R. Jack Ayres, Jr., Julie Kay Baker, Amy S. Harris, Thomas V. Murto, III, Dallas, for appellees.

Before JOE SPURLOCK, II, KELTNER and MEYERS, JJ.

MEYERS, Judge.

Appellees Dorothy Louise Stanley, Glenda Jean Briscoe, William Allen Stanley, Jr., Rhonda Athey, and Janice Gillman (plaintiffs below), pursuant to TEX.R.APP.P. 49, sought leave of this court to review the sufficiency of the supersedeas bond set by the trial court. As we find no evidence that posting the supersedeas bond in full will irreparably harm appellants, the reduction privilege afforded by TEX.R.APP.P. 47(b) is not available to appellants. We therefore find the supersedeas bond now set is insufficient and order an additional bond in an amount that, combined with the previous bond, will equal the judgment, interest, and costs.

Appellees obtained judgment against appellants in the amount of $1,863,718.90 on February 2, 1989, in the 158th District Court of Denton County, Texas. On May 25, 1989, the trial court heard appellants' motion to modify the amount of the supersedeas bond. The court reduced the amount of the bond from the judgment amount to $1,048,724.70 and ordered appellants do nothing to impair or destroy any causes of action they may have against their insurance carrier or trial counsel. Appellants eventually posted the total amount of the reduced bond. Appellees complain in their rule 49 motion that the trial court erred by deviating from the amount of the judgment plus interest and costs.

The right to suspend the execution of a judgment during an appeal is provided by TEX.R.APP.P. 47. The judgment obtained by appellees is a money judgment for damages and is covered by section (b) which provides:

(b) Money Judgment. When the judgment awards recovery of a sum of money, the amount of the bond or deposit shall be at least the amount of the judgment, interest, and costs. The trial court may make an order deviating from this general rule if after notice to all parties and a hearing the trial court finds that posting the amount of the bond or deposit will cause irreparable harm to the judgment debtor, and not posting such bond or deposit will cause no substantial harm to the judgment creditor. In such a case, the trial court may stay enforcement of the judgment based upon an order which adequately protects the judgment creditor against any loss or damage occasioned by the appeal.

TEX.R.APP.P. 47(b).

As the rule states, the amount of the bond or deposit *shall* be at least the amount of the judgment, interest, and costs, but the trial court may deviate from the full amount of the judgment *only* if it finds that: (1) posting the amount of the

bond will cause irreparable harm to the judgment debtor; and (2) not posting such bond will cause no substantial harm to the judgment creditor. Appellees claim appellants failed to show that either provision of the two-fold test was satisfied.

At the hearing to reduce the supersedeas bond, the evidence allowing a reduction revealed Dr. Harvey has almost no assets and is heavily in debt, particularly to the Internal Revenue Service. Appellant's counsel stated at the mandamus hearing that the reduced bond was filed by appellants' malpractice insurance carrier and closely matched the limits of their policy. Dr. Harvey had no ability beyond the amount of his insurance coverage to supersede the judgment for the full amount. This evidence, however, did not establish that Dr. Harvey would be irreparably harmed if he did post the supersedeas bond in full. Though Dr. Harvey claims he is harmed—in damage to his reputation and interference with his choses in action by virtue of a turnover request—the thrust of Dr. Harvey's argument is that he does not have the ability to post the full bond.

However, rule 47(b) does not allow a modified supersedeas bond to be set merely because one is unable to post the full amount. Instead, to satisfy the first prong of rule 47(b), one must show that posting the full amount would cause irreparable harm. *See, e.g., Culbertson v. Brodsky,* 775 S.W.2d 451 (Tex.App.—Fort Worth, 1989, writ dism'd w.o.j.). There was no such showing in this case as irreparable harm from posting can never result if one is unable to post.

Appellants offer *Miami International Realty Co. v. Paynter,* 807 F.2d 871, 872 (10th Cir.1986) as support for their contention that financial inability to post the full supersedeas bond fulfills the requirement of rule 47(b). However, FED.R.CIV.P. 62(d) is written so as to permit the result appellants seek in this case; a reduced supersedeas bond due to inability to post

the full amount.[1] On the other hand, TEX. R.APP.P. 47(b) precludes such a result. *Miami* is not applicable to our case.

Under Texas' rule, the trial court may reduce the amount of the supersedeas bond only if "the trial court finds that posting the amount of the bond or deposit will cause irreparable harm to the judgment debtor...." TEX.R.APP.P. 47(b). Dr. Harvey testified he could not post the full amount of the bond even if he liquidated all his assets. However, rule 47(b) does not allow the setting of a modified bond based merely on financial inability to post the full amount. One must show irreparable harm will result if the bond is posted in full. The rule was not amended to allow setting the bond at any amount a judgment debtor is able to post; thus, the bond cannot be reduced on that basis alone.

Appellants argue this result circumvents the purpose of rule 47(b) because those people who most need a reduced bond cannot obtain one. While appellant's argument is reasonable, we must interpret the rules as they are written, and as even Roger Townsend and Sarah Duncan acknowledge, rule 47(b) is "purely cosmetic." Townsend and Duncan, *Stay of Judgment,* 1987 Advanced Appellate Practice Course sec. M, p. M–37 (October 1987). Perhaps the problem appellants encountered in this case—inability to post the full supersedeas bond and inability to legitimately obtain a reduced bond—will be alleviated through future amendments to rule 47(b). However, the rule in its present form does not allow the setting of a modified bond due to mere inability to post the full bond.

We hold that there was no evidence before the trial court showing posting the bond would cause irreparable harm to appellants, a finding necessary to allow the setting of a modified supersedeas bond under rule 47(b). The bond is ordered set at an amount which will cover the full amount of the judgment, interest, and costs for the pendency of the appeal. In view of this

1. Rule 62(d) provides:
When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay.... The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

finding, we need not address appellees' remaining arguments.