

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION ON MOTION TO REVIEW SUPERSEDEAS BOND**

No. 04-26-00010-CV

Xenia **PIROGOV**,
Appellant

v.

Ilya **PIROGOV**,
Appellee

From the 456th District Court, Guadalupe County, Texas
Trial Court No. 24-0364-CV-E
Honorable Heather H. Wright, Judge Presiding

Opinion by: Adrian A. Spears II, Justice

Sitting: Adrian A. Spears II, Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: May 27, 2026

MOTION TO REVIEW GRANTED; REVERSED AND REMANDED

Pending before this Court is Appellant Xenia Pirogov's pro se motion to review the trial court's order setting the amount of supersedeas bond. *See* TEX. R. APP. P. 24.4. We grant the motion, reverse the trial court's order, and remand for the trial court to hold an evidentiary hearing and set a proper supersedeas bond pursuant to Texas Rule of Appellate Procedure 24.2(a)(2).

In the underlying divorce proceeding, the trial court ordered the sale of the marital home and found that "a just and right division of the parties' real property" equated to Ilya Pirogov receiving the first $6,733.27 and thereafter Xenia receiving 70% of the proceeds and Ilya receiving 30% of the proceeds. Xenia filed a pro se notice of appeal from the trial court's final order and a timely motion for extension of time to file her notice of appeal, which we granted. Xenia also filed a motion requesting that the trial court set a supersedeas bond under Texas Rule of Appellate Procedure 24.

On February 19, 2026, the trial court held a hearing on Xenia's motion and questioned the parties regarding the market value of the house. Ilya stated that the market value was approximately $320,000; Xenia stated it was $303,309. The trial court then asked "[h]ow much is the mortgage?" Ilya replied $363,000. Xenia stated "$280,008." The trial court stated, "$280,000 is what's left, give or take?" The trial court then reasoned that

> if the house is worth approximately $320[,000 to] $330,000, and there is $280,000 owed,[1] approximately, on the loan, then we look at the amount that would be left to split amongst the parties. So [Xenia] would have to set a bond at what his portion would be, which is $15,000.

The trial court granted Xenia's motion and set the amount of the supersedeas bond at $15,000. Xenia then filed a motion to modify the supersedeas and approve alternate security, which was denied by the trial court.

Xenia then filed in this court a motion to review the trial court's supersedeas ruling and emergency motion for temporary relief pending relief. On April 15, 2026, we granted Xenia's motion for temporary relief and stayed the trial court's final order pending further order of this court. We also set a deadline for Ilya to file a response to Xenia's motion. On April 29, 2026, Ilya

---

[1]Post-trial, the trial court signed findings of fact stating that "as of the date of trial, the real property had a liability of a mortgage balance in the amount of $363,537.10."

filed his response. This memorandum opinion addresses our review of the supersedeas bond; it does not reach the merits of the underlying appeal, which remains pending before this court.

Pursuant to Texas Rule of Appellate Procedure 24.1, a judgment debtor may supersede the judgment while pursing any appeal by: (1) "filing with the trial court clerk a written agreement with the judgment creditor for suspending enforcement of the judgment;" (2) "filing with the trial court clerk a good and sufficient bond;" (3) "making a deposit with the trial court clerk in lieu of a bond;" or (4) "providing alternate security under Rule 24.2(e) or ordered by the court." *See* TEX. R. APP. P. 24.1(a). "A bond is effective upon filing." TEX. R. APP. P. 24.1(b)(2). It preserves the status quo of the matters in litigation as they existed before the issuance of the order or judgment from which the appeal was taken. *Freeport-McMoRan Oil & Gas LLC v. 1776 Energy Partners, LLC*, 672 S.W.3d 391, 395 n.6 (Tex. 2023).

A party may challenge a trial court's supersedeas ruling by filing a motion pursuant to Rule 24.4. *See* TEX. R. APP. P. 24.4; *Estate of Buchanan*, No. 05-19-01473-CV, 2020 WL 6791524, at *9 (Tex. App.—Dallas Nov. 19, 2020, no pet.). Rule 24.4 "authorizes appellate courts to engage in a limited supersedeas review." *AME & FE Inv., Ltd. v. NEC Networks, LLC*, 582 S.W.3d 294, 297 (Tex. App.—San Antonio 2017, order) (citation omitted). Specifically, Rule 24.4(a) provides that an appellate court may review: (1) the sufficiency or excessiveness of the amount of security, (2) the sureties on a bond, (3) the type of security, (4) the determination whether to permit suspension of enforcement, and (5) the trial court's exercise of discretion in ordering the amount and type of security. *See* TEX. R. APP. P. 24.4(a). "After completing this limited review, [an appellate court] may require that the amount of bond be increased or decreased and that another bond be provided and approved by the trial court clerk." *AME*, 582 S.W.3d at 297 (citations omitted); *see* TEX. R. APP. P. 24.4(d). "We may also require other changes in the trial court order

- 3 -

and remand for entry of findings of fact or for the taking of evidence." *AME*, 582 S.W.3d at 297 (citations omitted). We review a trial court's ruling under Rule 24 for an abuse of discretion. *Id*. Under this standard of review, we "defer 'to the trial court's factual determinations if they are supported by evidence,' but review legal determinations de novo." *Haedge v. Cent. Tex. Cattlemen's Ass'n*, 603 S.W.3d 824, 827 (Tex. 2020) (quoting *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011)).

Under Rule 24.2, the amount of the bond depends on the type of judgment. When the judgment is for the recovery of money, the amount of bond "must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment." *See* TEX. R. APP. P. 24.2(a)(1). When the judgment is for the recovery of an interest in real property, the amount of security "must be at least . . . the value of the property interest's rent or revenue." TEX. R. APP. P. 24.2(a)(2). "When the judgment is for something other than money or an interest in property, the trial court must set the amount and type of security that the judgment debtor must post," which "must adequately protect the judgment creditor against loss or damage that the appeal might cause." TEX. R. APP. P. 24.2(a)(3). Judgments falling within subsection (a)(3) include judgments that are injunctive or declaratory by nature. *See El Caballero Ranch, Inc. v. Grace River Ranch, LLC*, 707 S.W.3d 444, 451 (Tex. App.—San Antonio 2016, order).

The parties dispute whether the trial court's judgment is a judgment for recovery of an interest in property under subsection (a)(2), or whether the trial court's judgment is a judgment for something other than money or an interest in property under subsection (a)(3). According to Xenia, the trial court erred by not applying subsection (a)(2). She emphasizes that the trial court's stated calculation at the hearing on the motion to set the supersedeas bond was based on the fair market

value of the house and the amount owed on the mortgage. She argues that pursuant to subsection (a)(2), the trial court should have based its calculation on the value of the property interest's rent or revenue. *See* TEX. R. APP. P. 24.2(a)(2).

Ilya, in contrast, argues that subsection (a)(2) does not apply because subsection (a)(2) applies only to judgments that award title or possession. He argues that the trial court did not award title or possession but instead ordered the sale of the real property, with the net proceeds divided 70/30. Thus, he argues subsection (a)(3) should govern, and the trial court did not err in applying that subsection.

"The resolution of this issue turns primarily on what the Texas Supreme Court intended when it used the term 'an interest in property' in enacting Rule 24.2" *Hibernia Energy III, LLC v. Ferae Naturae, LLC*, 668 S.W.3d 771, 775 (Tex. App.—El Paso 2022, order). The predecessor to Rule 24.2 was more limited, providing for a bond when "the judgment is for the recovery of land or other property." *See Culbertson v. Brodsky*, 775 S.W.2d 451, 453 (Tex. App.—Fort Worth 1989, writ dism'd w.o.j.) (quoting former Texas Rule of Appellate Procedure 47(c)). In enacting Rule 24.2, the supreme court broadened the term to encompass an "interest" in real property. *See Hibernia*, 668 S.W.3d at 776 (discussing enactment of Rule 24.2). Thus, in *Hibernia*, the El Paso Court of Appeals held that in using the broader term of "interest" in real property, Rule 24.2(a)(2) "was intended to encompass judgments foreclosing on a lien" even though "a lien is not itself 'property', but is instead a right to have satisfaction out of the property to secure payment of a debt." *Id*. In doing so, the El Paso Court of Appeals court relied on this court's opinion in *Brady v. Compass Bank*, No. 04-19-00021-CV, 2019 WL 1459257, at *1-2 (Tex. App.—San Antonio Apr. 3, 2019, order), which held that a judgment allowing a bank to foreclose on real property for failure to pay a home equity loan was "properly categorized as one involving an 'interest in real

property' thereby making Rule 24.2(a)(2) govern the supersedeas bond." *Hibernia*, 668 S.W.3d at 777 (discussing *Brady*). The El Paso Court of Appeals court reasoned that "a plaintiff who holds a lien on property has a current *interest in the property*, and therefore a judgment allowing a party to foreclose on a lien is by its very nature a judgment allowing a party to recover its interest in the property." *Id*. (emphasis added)

Similarly, here, the trial court's judgment has awarded Xenia and Ilya an interest in the real property. Even though the trial court's judgment orders that property to be sold, Xenia and Ilya were still awarded an interest in real property. *See id*. Thus, we hold that subsection (a)(2) applies and conclude the trial court erred in not basing its calculation of the supersedeas bond on "the value of the property interest's rent or revenue." TEX. R. APP. P. 24.2(a)(2).

## CONCLUSION

We grant Xenia's motion for review and reverse the trial court's order setting the amount of security to supersede the judgment. Because the record does not show the value of the real property interest's rent or revenue, we remand this matter to the trial court for proceedings to determine the appropriate amount of security under Rule 24.2(a)(2)(A) and to sign an appropriate order pertaining to the security that must be posted by Xenia to supersede the judgment pending appeal. *See id*. Further, the trial court is directed to decide Xenia's other requests to reduce the supersedeas amount to zero dollars "or a nominal lawful amount" or to "approve alternate non-monetary security" pursuant to Rule 24.2(b). We note that the trial court has continuing jurisdiction to handle these matters during the pendency of this appeal. *See* TEX. R. APP. P. 24.3(a) ("Even after the trial court's plenary power expires, the trial court has continuing jurisdiction to do the following: (1) order the amount and type of security and decide the sufficiency of the sureties; and

(2) if circumstances change, modify the amount or type of security required to continue the suspension of a judgement's execution.").

Adrian A. Spears II, Justice